[Birmingham Ry. L. & P. Co. v. Brown.]

# Birmingham Ry. L. & P. Co. *v.* Brown.

*Action for Injury to Person Crossing Track.*

(Decided July 2, 1907.    44 South. 572.)

1. *Street Railways; Collisions; Action; Complaint.*—It is sufficient to allege wanton or intentional misconduct in general terms and a count so alleging such misconduct is not demurrable for a failure to sufficiently aver and show that the injuries were wantonly or intentionally inflicted.

2. *Same; Injury to Traveler; Action; Variance.*—Where a count in simple negligence charged the injury to have occurred at a point where the track crossed a public highway, such count is not supported by proof that the injury occurred on defendant's track at a point not on a public highway and the variance was fatal.

3. *Same; Operation; Duty to Keep Lookout.*—A street railway operated over or along a public highway is required to keep a lookout for travelers on the highway;—but no such duty is required at points on the track outside the highway.

4. *Same; Wantonness.*—A count charging wanton injury to a person on the track at a point not on the highway is not supported by a negligent failure to discover peril but is dependent upon the failure to use proper means to avoid injury after the discovery of peril.

5. *Negligence; Wantonness; Contributory Negligence.*—Contributory negligence cannot be pleaded in defense of an action for wanton or intentional misconduct.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by Myers Brown against the Birmingham Railway, Light & Power Company for injuries resulting from a collision between defendant's street car and a vehicle driven by plaintiff. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The first count is in simple negligence, and alleges that the collision occurred while the plaintiff was crossing one of defendant's railroad tracks on a highway which is the continuation of Eighth avenue in the city of Birmingham. The second count was for injury re-

sulting in the same way and at the same place from the wanton or willful negligence of the servants or agents of the defendants in charge and control of the car, alleged in general terms. The tenth ground of demurrer interposed to the second count was that said count does not sufficiently aver and show that the plaintiff's injuries were wantonly or intentionally inflicted. The pleas were contributory negligence in failing to stop, look, and listen before approaching the track, with the allegation that, if plaintiff had done so, he would have discovered the approach of the car in time to have avoided danger. The facts show that the carriage was not on a crossing or highway, but was a little distance off the highway and across the track of defendant's railway, and that the plaintiff, when he saw that the collision was inevitable, jumped from the vehicle, and in jumping his foot was caught in the front wheel, or some other part of the vehicle, and he was thrown violently to the ground, suffering the injuries complained of. Charge 2, refused to the defendant, was the general affirmative charge as to the first count. There was judgment for plaintiff in the sum of $250, and defendant appeals.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. —There was a fatal variance as to the 1st count and the affirmative charge as to that count should have been given.—*N. Bir. R. R. Co. v. Chalderwood,* 89 Ala. 247; *Bir. Ry. L. & P. Co. v. Oldham,* 141 Ala. 195; *Bir. Ry. L. & P. Co. v. Brantley,* 141 Ala. 614. Counsel discuss other assignments of error but cite no authority.

WEBB & AMASON, and A. O. LANE, for appellee.—The court did not err in overruling demurrers to the 2nd count.—*Smith's Case,* 40 South. 763; *Foshee's Case,* 125 Ala. 205. It was a question for the jury under the 2nd

count as to whether or not those in charge of the car saw plaintiff's peril in time to avoid the injury.—*Central of Ga. Ry. Co. v. Partridge,* 136 Ala. 595.

ANDERSON, J.—The second count of the complaint was not subject to the tenth ground of demurrer, being the only one insisted upon by counsel, and the trial court did not err in overruling same.

The plea of contributory negligence was no answer to the second count.

The complaint avers that the collision occurred at a point where defendant's track was on the public highway, but the proof shows that plaintiff's wagon was struck while on defendant's track, not on the highway, but at a point to the left of the same. This was a fatal variance as to the first count, which was for simple negligence; and the trial court erred in refusing charge 2, requested by the defendant. The law requires the defendant to keep a lookout at such points as set forth in the complaint, but no such duty was required at such a point as was disclosed by the proof.—*Birmingham R. R. v. Brantley,* 141 Ala. 615, 37 South. 698.

The variance could not affect the second count, as it is for wantonness, and could not be supported by a failure to discover plaintiff's peril, but was dependent upon a failure to use proper means to stop after a discovery of his peril.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.