# Mobile Light & R. R. Co. *v.* Baker.

*Damages for Injury to Person and Property.*

(Decided Dec. 17, 1908. 48 South. 119.)

1. *Negligence; Contributory Negligence.*—Contributory negligence is good as a defense to a count is simple negligence.

2. *Streeta Railroads; Injuries; Pleading; Complaint.*—A count which sets out all the conditions surrounding the collision and avers that the injuries and damages were caused as a proximate consequence of the failure of defendant's servant to keep a proper lookout while operating a car on the highway, is a count in simple negligence and not for willful or wanton injury, and hence, such count is subject to the defense of contributory negligence.

3. *Same; Collision; Wanton Conduct.*—Where a car cannot be stopped in time to avoid a collision, after the discovery of the peril, those operating the car cannot be said to be guilty of wanton misconduct, or of subsequent negligence.

4. *Same.*—Unless the motorman discovers the attempt to cross the track in time to stop the car before the collision and negligently fails to do so there is no antecedent negligence

5. *Same; Duty of Motorman to Keep Lookout.*—Where the track is in or on a public highway, it is the duty of the motorman to keep a lookout for persons on the track.

6. *Evidence; Res Gestae; Declaration of Agent.*—The declarations or admissions of agents as to an act then being done are admissible as a part of the res gestae; but this rule has no application to admissions as to past transactions, and a declaration by the motorman subsequent to the collision was improperly admitted.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by Alfred C. Baker against the Mobile Light & Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The first count is in simple negligence for damages to the property and person of plaintiff while crossing the track of defendant at the intersection of a highway with said track, or in a highway over which said track was operated, and the negligence is alleged to be in the way and manner in which the car was managed. The second count sets out the conditions surrounding the collision, and avers that the injuries and damages were caused as a proximate consequence of the failure of defendant's servant in charge of the car to exercise due care and dilligence to avoid injuring plaintiff or destroying his property after discovering the perilous situation of plaintiff. The third count is same as the second, but the negligence alleged is the failure to keep a proper lookout while operating a car on the highway. The pleas of contributory negligence were that plaintiff undertook to drive across the track in front of an approaching car, without stopping, looking, and listening for its approach, and that the plaintiff attempted to

[Mobile Light & R. R. Co. v. Baker.]

drive across the track in front of an approaching car without exercising reasonable prudence to ascertain whether or not the car was approaching. The grounds of demurrer are that the pleas are not an answer to the second and third counts, because they are counts for wanton or willful misconduct. The following questions were propounded to the witness Taylor, and objected to: "In your presence or hearing did the motorman of that car make any statement, right after the accident happened, as to how it happened?" This question was also propounded to plaintiff, and he was permitted to answer as follows: "Yes, sir; he said he was standing up against the door, with his head hanging down, on account of its raining awfully, and he never saw us."

GREGORY L. & H. T. SMITH, for appellant. The failure to stop, look and listen before undertaking to cross before the approach of an electric car, constitutes contributory negligence.—*L. & N. v. Webb*, 90 Ala. 85; *Ga. Pac. Ry. v. Lee*, 92 Ala. 267; *Railroad Co. v. Crawford*, 89 Ala. 245; *Ga. Pac. Ry. v. O'Sheilds*, 90 Ala. 30; *R. R. Co. v. Black*, 89 Ala. 316; *Gothard v. Railroad Co.*, 67 Ala. 114; *E. T. V. & G. R. R. v. Kornegay*, 92 Ala. 228; *Glass v. R. R.*, 94 Ala. 587; *Highland Ave. & B. R. R. v. Sampson*, 91 Ala. 564; *Highland Ave. & B. R. R. v. Maddox*, 100 Ala. 621; *Railroad Company v. Richards*, 100 Ala. 366; *Central of Ga. v. Forshee*, 125 Ala. 213; *Central of Ga. v. Freeman*, 134 Ala. 354. The foregoing principle is thoroughly applicable to crossings of electric street railways.—*Bir. R. L. & P. Co. v. Oldham*, 37 South 452. No damages can be recovered for an injury not described in the complaint.—*City Del. Co. v. Henry*, 139 Ala. 161. Declarations of the motorman made subsequent to the action were not admissible.—*Chewning v.*

*Ensley R. R. Co.,* 100 Ala. 495. Evidence for plaintiff did not make out a prima facie case and should have been excluded on motion.—*Birmingham etc., v. Bowers,* 110 Ala. 330; *Crenshaw v. Southern Ry. Co.,* 136 Ala. 573; *Frazier v. Railroad Company,* 81 Ala. 186; *Tanner's Exrs. v. L. & N. R. R.C Co.,* 60 Ala. 632; *Cook v. C. R. R. & B. Co.,* 67 Ala. 540; *Southern Ry. Co. v. Bush,* 122 Ala. 481. Counsel discuss charges refused to defendant, but without citation of authority. The court erred in giving charge 1 requested by plaintiff.—*Southern Ry. Co. v. Bunt,* 131 Ala. 595; *Osborn v. A. S. & W. Co.,* 135 Ala. 576; See also.—132 Ala. 470; 134 Ala. 257; 137 Ala. 455. The court erred in giving charge 2.—*Shelton v. Southern Ry. Co.,* 136 Ala. 212; *L. & N. R. R. Co. v. Black,* 89 Ala. 317; *Birmingham etc. v. Bowers,* 110 Ala. 330; *Central of Ga. v. Forshee,* 125 Ala. 226; *Burson v. L. & N. R. R. Co.,* 116 Ala. 201; *Frazier v. Railroad Co.,* 81 Ala. 186; *Southern Ry. Co. v. Bush,* 122 Ala. 483; *Tanner's Admr. v. L. & N. R. R. Co.,* 60 Ala. 632; *Cook v. Central Railroad & Banking Co.,* 67 Ala. 540; *R. R. Co. v. Wommack,* 84 Ala. 150; *Bentley v. Ga. Pac. R. R.,* 86 Ala. 484; *R. R. Co. v. Blanton,* 84 Ala. 155; *R. R. Co. v. Wood,* 87 Ala. 165; *Ensley R. R. Co. v. Chewning,* 93 Ala. 31; *Haley v. K. C. M. & B.,* 113 Ala. 650; *A. G. S. v. Morer,* 116 Ala. 644; *R. R. Co. v. Vaughan,* 93 Ala. 210; *Savannah etc., R. R. v. Meadors,* 95 Ala. 143; *L. & N. R. R. Co. v. Webb,* 97 Ala. 311; *L. & N. R. R. Co. v. Hairston,* 97 Ala. 352; *Mizzell v. So. Ry.,* 132 Ala. 504.

INGE & ARMBRECHT, for appellee.  No brief came to the Reporter.

ANDERSON, J.—The trial court erred in sustaining the demurrers to the defendant's pleas 2 and 3 to the third count of the complaint as amended. This count

[Mobile Light & R. R. Co. v. Baker.]

was for simple negligence, and contributory negligence was a good defense to same, and whether the pleas were sufficient, as such, we need not determine, as the second ground of demurrer is the only one which questions the pleas as applicable to the third count, and they were not subject to the defect therein suggested. The pleas as refiled after amendment of the complaint went to each count thereof. It may be that the plaintiff intended to demur to them only so far as they answered the second count; but the second ground refers to the third as well as the second count, and the judgment entry shows that the demurrer was sustained to the pleas to both the second and third counts of the amended complaint.

Declarations or admissions of an agent as to the act then being done are admissible as a part of the res gestæ, but this does not apply as to admissions as to past transactions.—*Tenn. Co. v. Kavenaugh,* 93 Ala. 324, 9 South. 395; *Chewning v. Ensley Ry. Co.,* 100 Ala. 493, 14 South. 362. The declarations made by the motorman were subsequent to the collision, were not part of the res gestæ, and should not have been admitted over the objection of the defendant.—*M. & C. R. R. v. Womack,* 84 Ala. 149, 4 South. 618.

Whether the defendant was entitled to the general charge or not, upon the theory that plaintiff did not make out a prima facie case, with the improperly admitted declarations of the agent in, we need not decide, as the case must be reversed upon other grounds. It is sufficient to say, as a guide upon the next trial, that in the absence of some proof tending to show that the car could have been stopped, after the discovery of the plaintiff's peril, in time to avoid the collision, there was no wanton misconduct or subsequent negligence. Nor was there any simple antecedent negligence, unless the evidence tended to show that the motorman could have dis-

covered the plaintiff in the attempt to cross in time to stop the cars before the collision, and negligently failed to do so. Under the averments of the complaint, and from the tendency of the evidence, the collision was at a street crossing; but, if not at a crossing, it was at a point where defendant's track was in or upon a public highway, and it was the duty of the motorman to keep a lookout.—*Birmingham R. R. v. Brown,* 152 Ala. 115, 44 South. 572; *Birmingham R. R. v. Brantly,* 141 Ala. 615, 37 South. 698. So, too, was it a fact that some little time elapsed between the time the horse started across the track and when the front wheels struck the opposite rail, which was the time of the collision; yet there was no proof of the distance of the car from the plaintiff when the horse first went upon the track, or of the rate of speed it was going, and whether or nor it could have been stopped between the time of the collision and when the motorman discovered the plaintiff's peril, or should have discovered it, had he kept a lookout.

The judgment of the law and equity court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.