# Louisville & N. R. R. Co. *v.* Cornelius.

## *Injury to Passenger.*

(Decided June 19, 1913.   Rehearing denied June 30, 1913.
62  South.  710.)

1. *Carriers; Setting Down Passengers; Time.*—The carrier owes its passengers the duty to stop its train long enough for them to get off at their stopping place; while such length of time depends often upon peculiar circumstances, yet it is generally, such as passengers using reasonable diligence require in which to alight.

2. *Same; Complaint.*—A complaint averring that defendant negligently failed or refused to stop said train * * * a sufficient length of time for plaintiff to alight while the train was not in motion was not objectionable as requiring too long a stop, and as not alleging that plaintiff did not have a reasonable time in which to alight.

3. *Same; Instruction.*—Where the action was by a passenger for damages for being carried beyond her destination, a charge that the jury must find that defendant negligently failed to stop long enough for plaintiff to get off in safety, cannot be said to be erroneous, although not as comprehensive as it might have been.

4. *Evidence; Hearsay.*—Where the action was by a married woman accompanied by her husband, seeking damages for being carried beyond her destination, the testimony of the husband that when he found the flagman a few minutes after the train had started from the station of destination, he asked such flagman why he did not stop long enough for them to get off, and that the flagman replied that he did, and did not have time to pack the train, was a hearsay narrative and inadmissible.

5. *Appeal and Error; Harmless Error.*—The admission of hearsay testimony corroborative of the only material point in dispute was prejudicial error as the court cannot say what effect its admission may have had on the jury.

6. *Same.*—Where the action is by a passenger for being carried beyond destination, the admission of evidence that it was the custom of defendant to put a step on the ground at the destination station to assist passengers to alight, and that on the day in question it was not done, if error, was cured where such evidence was subsequently stricken.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by Nannie Cornelius against the Louisville & Nashville Railroad Company, for damages for being carried beyond her destination while a passenger on

one of defendant's trains.  Judgment for plaintiff and defendant appeals.  Reversed and remanded.

TILLMAN, BRADLEY & MORROW, for appellant.  The court should have sustained demurrer to count 3.—*Bir. U. Ry. v. Smith,* 90 Ala. 50; *B. & A. Ry. Co. v. Norris,* 59 South. 63.  There was no necessity to refile the demurrer after the amendment to the complaint, since the amendment was not made to meet the point in the demurrer.—*B. R. L. & P. Co. v. Fox,* 56 South. 1013.  The court erred in admitting the testimony of the husband relative to his conversation with a flagman.—*A. C. G. & A. v. Appleton,* 54 South. 638; *Mobile Co. v. Baker,* 158 Ala. 493; *A. G. S. v. Taylor,* 129 Ala. 238; *T. C. I. v. Danforth,* 112 Ala 80; *Culver v. Ala. Mid.,* 108 Ala. 330; *Chewning v. Ensley Ry.,* 100 Ala. 493; *Womack's Case,* 84 Ala. 149.  The admission of this evidence cannot be justified on the theory that it was error without injury, as it was upon the only material point in the case.  Injury is presumed where error is apparent.—*McDonald v. Wood,* 118 Ala. 589; *Bolton v. Cuthbert,* 132 Ala. 407; *Moore v. Clay,* 24 Ala. 235; *B. R. L. & P. v. Beck,* 55 South. 428; *Marsh v. Frick,* 1 Ala. App. 655, and authorities supra.

BLACK & DAVIS, for appellee.  The complaint was sufficient as against the reasons urged in the demurrer.— 5 Mayf. subd. 74; 7 Words & Phrases, 6763; 33 N. W. 485; *So. R. v. Burgess,* 42 South. 35; *Dilburn v. L. & N.,* 156 Ala. 228.  Even if the evidence was not admissible defendant lost the benefit thereof by failing to object to the question.—*Thomas v. Williams,* 54 South. 494. The entire answer was not inadmissible and the objection should have separated the good from the bad.—*M. & B. v. Worthington,* 10 South. 839.  Even if error, the admission of the evidence was harmless.—*Moore v. Bar-*

*ber A. Co.*, 118 Ala. 523; *Union F. & M. Co. v. Lankford*, 145 Ala. 667; sec. 4056, Code 1907. Counsel discuss the other assignments of error, but without further citation of authority.

SAYRE, J.—Appellee sued as a passenger for damages for that defendant carried her beyond her agreed stopping place. The complaint averred that the defendant "negligently failed or refused to stop said train at Graces a sufficient length of time for the plaintiff to alight while the train was not in motion." Defendant demurred to the complaint as exacting too much of it. It is said that there should have been an averment that plaintiff had not time to alight, using reasonable diligence. We think the pleading fairly and sufficiently warned defendant of the cause and character of the complaint it was called upon to answer. Defendant negligently failed or refused to allow plaintiff a sufficient time to alight. The rule is to construe pleadings against the pleader on demurrer, but that is a reasonable rule and does not allow strained constructions in order that a pleading be condemned. It does not require us to treat the complaint in this case as laying upon defendant the duty to hold its train at its stopping place while plaintiff slept, chatted with other passengers, or loitered on the way, before exercising herself to get off. It is no erroneous statement to say that a carrier's duty is to stop its train long enough for passengers to get off at their agreed stopping places. That length of time may in cases depend upon peculiar circumstances, but in general it is such as passengers, using reasonable diligence, require. Great generality is allowed in the statement of negligence as a cause of action. It was not necessary for the plaintiff to characterize her own conduct, but that of defendant, and

this the complaint in its final shape (count 3 as amended) did, in a way which left no room for misapprehension on the part of defendant, when it charged that defendant negligently failed or refused to stop its train a sufficient length of time for plaintiff to alight. It might with much propriety have said "a reasonable time under the circumstances," or "a sufficient time for plaintiff, exercising reasonable diligence, to alight," as defendant suggests, but the allegation in either of those shapes would have been no less a conclusion, nor can we think it would have further illuminated defendants understanding of the cause of complaint. Without dwelling too long on the point, we state our opinion that the complaint was not objectionable.

Plaintiff's husband was traveling with her and testified for her. His testimony was that the train made a very short stop and that, owing to the aisle of the car being crowded, he was unable to get his wife, child, and luggage off the train. He was allowed to testify, over defendant's objection, that when he found the flagman a few minutes after the train had moved away from the station the following conversation passed between them: "I asked him why he did not stop the train long enough for me to get off, and he said he did, and I told him we did not have time to get off, and I asked him then to back the train so we could get off, and he said he did not have time." This was not of the res gestæ of the negligence complained of, was a narrative by the parties to the conversation, and from their respective viewpoints of a transaction then past was hearsay and should not have been allowed. Defendant's motion to exclude should have been granted.—*Mobile Company v. Baker,* 158 Ala. 495, 48 South. 119, and cases cited. Nor do we think, on reconsideration, that the judgment can be saved from reversal on the ground that this ruling

had no prejudicial effect upon defendant's case. Very
clearly plaintiff, by a part of this testimony, sought to
sustain and re-enforce the testimony of her witness on
the the only material point of dispute in the case by
showing that shortly after the transaction in question
he made a statement of what had happened, which state-
ment was in accord with his testimony at the trial. We
cannot know what effect this testimony may have had
on the jury. The point at issue was material. The tes-
timony was incompetent and illegal.—*Mobile Light Co.
v. Baker,* 158 Ala. 495, 48 South. 119; *M. & C. R. R. Co.
v. Womack,* 84 Ala. 150, 4 South. 618; *A. G. S. R. R. v.
Hawk,* 72 Ala. 112, 47 Am. Rep. 403. It is well settled
by the more recent decisions of this court that in civil
causes the appellate court, if it would avoid a reversal
for error shown, must be able to point to something in
the record which clearly and satisfactorily shows that
no injury resulted.—*Donovan v. S. & N. R. R. Co.,* 79
Ala. 431. In its early history this court followed the
rule that a cause must be reversed for error shown un-
less it appeared from the record that it was "impossible
that injury could have accrued to the party against
whom the error was committed" or, it was otherwise
stated, unless it appeared "beyond a reasonable doubt
that injury did not result from error."—*Pinkston v.
Greene,* 9 Ala. 23; *Hagerthy v. Bradford,* 9 Ala. 571.
Until a statute was passed, which had some effect to
the contrary, this court declined absolutely to apply the
doctrine of error without injury to questions arising
in prosecutions for crime.—*Mitchell v. State,* 60 Ala.
26; *Maxwell v. State,* 89, Ala. 164, 7 South. 824; Chief
Justice Stone said in *Vaughan v. State,* 83 Ala. 57, 3
South. 530, that it would be a hazardous precedent to
establish the doctrine in such cases. The hazard he had
in mind must attend a total destruction of the doctrine

of presumed injury in any class of cases; but we do not
doubt that the modification of the rule stated in *Dono-
van's Case, supra,* was based upon sound reason. The
modified rule has been consistently and repeatedly fol-
lowed.—*Calloway v. Truitt,* 143 Ala. 528, 39 South. 277,
and cases there cited. It is the settled law of this state.
The universality of its acceptance by the courts of the
country would seem argument enough in favor of both
its propriety and necessity as a rule of decision. Ap-
plied to this case, it means that there was injury, re-
versible error, in the ruling under consideration, for we
cannot see clearly or satisfactorily that the evidence er-
roneously admitted had no effect upon the minds of the
jury nor what its effect was. For this error the judg-
ment will be reversed.

Proof that defendant was accustomed to put a step
on the ground at plaintiff's station in order to assist
passengers in alighting, in connection with proof that
on the occasion in question observance of the rule or
custom was omitted, would tend in some slight degree
to confirm plaintiff's theory of undue haste in the oper-
ation of the train. At any rate, the court's subsequent
action took this evidence out of the case, and error can-
not be predicated of its admission.

The court in its oral charge said to the jury, in con-
nection with an approved definition of negligence:
"You would have to believe from the averments of this
[meaning the complaint] that the defendant company
negligently failed to stop long enough for the plaintiff
to get off in safety." Defendant excepted. In connec-
tion with an assignment of error based upon this excep-
tion the argument as to the demurrer to the complaint
is repeated. It may be that the excerpt from the charge
does not contain a comprehensive statement of the law
of the case. No doubt further definition of defendant's

duty in the premises, as measured by the time required for plaintiff, in the exercise of reasonable diligence, to alight, would have been serviceable with the jury. But that it was erroneous cannot be said.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.