101 So.2d 305

**T. S. FRITH**

v.

**B. N. STUDDARD.**

5 Div. 678.

Supreme Court of Alabama.

March 6, 1958.

Omar L. Reynolds and Reynolds & Reynolds, Clanton, for appellant.

Francis W. Speaks, Clanton, and Rushton, Stakely & Johnston, Montgomery, for appellee.

. . .

PER CURIAM.

This is an appeal by defendant from a judgment at law rendered against him in the sum of $2,000. There is only one count in the complaint which charges simple negligence in the operation of a motor vehicle on a public highway in this State.

On February 7, 1956 plaintiff's truck was being driven westward on a highway extending from Clanton to Maplesville by one Gilbert K. Green who was the servant or agent of the plaintiff. The truck consisted of a tractor and a tank trailer loaded with 998 gallons of gasoline and oil, and weighing approximately 9,000 pounds with the cargo. The defendant was driving a pick-up truck, with his wife as a passenger,

and was traveling eastward toward Clanton. The two trucks were therefore traveling in opposite directions. The defendant had a bundle of laundry which he intended to deliver to a Mr. Littlejohn whose residence adjoins the highway on the north; and access to it is by a private driveway extending from the highway. In order for the defendant to accomplish his purpose it was necessary for him to cross the lane of traffic in which the plaintiff's truck was traveling. One aspect of the evidence tended to show that defendant turned his truck toward the left across the lane in which plaintiff's truck was traveling. In consequence of which plaintiff's truck driver turned his truck off the lane and onto the adjoining shoulder, thus clearing the defendant's truck. But the right front wheel of plaintiff's truck passed into a soft muddy spot at the lower edge of the shoulder which caused the truck to veer, and it shook plaintiff's driver from behind the steering wheel and rendered him unconscious and entirely without control of the truck. Plaintiff's truck was traveling about forty-five miles per hour and proceeded along the shoulder until it came in contact with a concrete post standing at the entrance to a culvert and as a guard to it. The truck struck the post and turned over, causing the loss of the entire cargo of gasoline and oil and damage to the truck—for all of which plaintiff claimed and recovered a judgment.

Plaintiff's driver testified that he did not apply the brakes on the truck, but that he could not have avoided hitting defendant's truck by doing so; and that as he reached the crest of the grade he saw defendant's truck coming down the highway on his right and turning to his left about thirty-five to fifty feet away. There was evidence that plaintiff's truck was entirely off the paved portion of the road and completely on the shoulder when it passed defendant's truck.

The assignments of error consist in the refusal of special charges requested by defendant, and the denial of a motion for a new trial. We shall treat the assignments in the order in which they are treated by counsel in brief.

Assignments of error 9, 10 and 45 are grouped for treatment in appellant's brief. Assignments 9 and 10 are each the affirmative charge properly hypothesized. Assignment 45 is for overruling the motion for a new trial on the ground, as argued in brief, that the verdict is contrary to the great weight of the evidence.

While those assignments in all respects are not controlled by the same rules, there is a point of similarity, that is, that if there is no evidence to sustain the complaint the affirmative charge was due defendant and the motion for a new trial should have been granted. So that, with reference to those assignments of error as argued by appellant, the question is whether there is any evidence to sustain the complaint.

It is claimed by plaintiff that defendant was negligent in driving his truck into the path of plaintiff's truck moving in the opposite direction under the circumstances, and that plaintiff's driver was justified in believing that in the exercise of reasonable care he should drive plaintiff's truck off the paved portion of the road and entirely on the shoulder; and that if he was justified in that belief, and did believe it, the jury could find that defendant proximately caused plaintiff's driver to steer the truck onto the shoulder, and that in doing so defendant violated a rule of the road enacted by the legislature. That rule is set out in section 17, as amended, Title 36, pocket part, Code.

Section 17(b), supra, provides, among other things, that "no person shall turn a vehicle * * * to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety".

There was evidence, as we have stated above, that defendant turned to the left on a two lane highway not at a road intersection, intending to reach a residence adjoining that side of the highway. That movement of defendant's truck placed it in a diagonal position on the highway in front of plaintiff's truck traveling toward him in its proper lane. They were approaching an up-grade in the road and neither driver could see the other until shortly before the left turn was made. In thus turning defendant was violating the statute if it was not reasonably safe to do so. If defendant did not see plaintiff's truck approaching, he is presumed to have known that a motor vehicle might be approaching, whose view was obscured, and there would be danger of an accident if he moved to his left in the path of a possible oncoming motor vehicle. The danger might be real, though not then visible. The question was for the jury to find whether under the circumstances shown by the evidence the movement by defendant was reasonably safe and therefore not in violation of the statute. We think the purpose of the statute was to prevent such an accident as occurred on this occasion. McCaleb v. Reed, 225 Ala. 564, 144 So. 28; Jones v. Pritchett, 232 Ala. 611, 169 So. 224; Holman v. Brady, 241 Ala. 487, 3 So.2d 30.

We think the circumstances shown by a material aspect of the evidence are sufficient to justify a finding by the jury that defendant was negligent in violating the statute quoted above. Teague v. Alabama Coca-Cola Bottling Co., 209 Ala. 205, 95 So. 883. But for the negligence to be actionable it must have been a proximate contributing cause of the accident. Winfrey v. Witherspoon's Inc., 260 Ala. 371, 71 So.2d 37.

It is not necessary that defendant must have known of the particular kind of danger then in existence on the shoulder, if ordinarily it would be expected to be dangerous to do an act such as that here described. The jury could find that it would probably be dangerous and therefore wrongful to force a heavily loaded truck to leave its lane of travel and go upon the shoulder without knowing whether it was at a particularly dangerous place.

We think the jury was justified in finding that defendant turned to his left, out of his direct course not at a road intersection, across the lane which was then being properly traversed by plaintiff's truck and that to do so was not reasonably safe; and that such conduct by defendant was the proximate cause of plaintiff's truck driver turning his truck onto the shoulder and, therefore, the accident was proximately caused by defendant so turning in violation of section 17(b), supra.

But defendant claims that plaintiff's driver was guilty of negligence in driving onto the shoulder and in maintaining a high rate of speed without applying his brakes, presumably knowing that it was risky to do so, and that defendant's conduct was not such as to justify plaintiff's driver in believing that it was appropriate to do so without applying his brakes to prevent a collision with defendant's truck, and therefore that plaintiff's driver was negligent while acting in the line and scope of his authority, which negligence proximately contributed to the accident. We think that also was a question for the jury.

The court, therefore, correctly refused both of the charges referred to in assignments of error 9 and 10, and did not erroneously refuse to grant the motion for a new trial on the ground that the verdict is contrary to the great weight of the evidence.

### Assignments of Error 35, 36, 41, 42, 43, and 45.

All these assignments relate to the refusal of written charges, except 45 which, we repeat, refers to the overruling of the motion for a new trial.

When a group of charges is jointly treated in the argument, and one or more of them was refused without error a reversal cannot be predicated on refusing

the others so treated, notwithstanding they should have been given. First National Bank of Birmingham v. Lowery, 263 Ala. 36(3), 81 So.2d 284.

■ The charges referred to in assignments 35, 41 and 42 were refused without error, if for no other reason, because they state an abstract legal principle without instructing the jury as to its effect upon the issues involved. Smith v. Lilley, 252 Ala. 425(6), 41 So.2d 175; 18 Alabama Digest, Trial, ⊛248.

It is therefore unnecessary to treat the charges referred to in assignments 36 and 43.

■ However, some of those charges erroneously interpret the legal principle sought to be invoked. They seek to apply the speed limit prescribed by section 5(b), Title 36, Code. Section 5 provides that (a) "any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of highway and of any other conditions then existing and no person shall drive any vehicle upon a highway at such speed as to endanger the life, limb, or property of any person. (b) * * * it shall be prima facie lawful for the driver of a vehicle to drive the same at a speed not exceeding the following * * * : Fifteen miles per hour in * * * traversing a grade upon a highway when the driver's view is obstructed within a distance of one hundred feet along such highway in the direction in which he is proceeding. * * * It shall be prima facie unlawful for any person to exceed any of the foregoing speed limitations, except as provided in subdivision (c) of this section" (not here applicable). It is apparent that the statute does not make the maximum limits a hard and fast rule. Roberts v. McCall, 245 Ala. 359(8), 17 So.2d 159.

Charges 54 (assignment of error 35) and 55 (assignment of error 36) make the speed limit a hard and fast rule at fifteen miles per hour under the circumstances there hypothesized when that is only prima facie the speed limit which is finally controlled by all the facts and circumstances, but it is not so hypothesized in those charges.

Charges 64 (assignment 42) and 65 (assignment 43) may not be subject to that comment, but for reasons stated above, it is not necessary to consider other questions in respect to them. Ruffin Coal & Transfer Co. v. Rich, 214 Ala. 633, 108 So. 596; McCaleb v. Reed, supra. The refusal of those charges discussed in a group is not reversible error.

### Assignments of Error 23, 24, 26, 30, 33 and 45.

These assignments, with the exception of 45, relate to the refusal of written charges requested by defendant. As stated above, assignment 45 relates to the ruling on the motion for a new trial.

■ The charges here referred to are not all based on the same legal principles and theories. Where such charges are grouped in the argument, this Court on appeal will not always closely analyze each of them for if any one was properly refused the Court will not treat the others separately. Some of these charges assume as a fact incidents disputed in the evidence: some contain matter as to which there is no evidence: some are confusing and not clear in their meaning, and therefore their refusal was without error.

Moreover, the trial judge in his oral charge reviewed the applicable principles and properly applied them. Much was also covered in charges numbered 1 and 25 which were given to the jury. Taking those given charges and the oral charge together we think the court properly applied the principle which these refused charges undertook to assert.

■ All the other assignments of error relate to refused charges treated in several groups. What has been said above in

**320**

respect to group arguments applies to them. It is also true that the law of the case was fairly treated in the oral charge and given charges 1 and 25, and need not be repeated in a different form. See, Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

It results that the judgment of the trial court should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LAWSON, SIMPSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.