159 So.2d 458

**LOUISVILLE & NASHVILLE RAILROAD COMPANY et al.**

v.

**STATE of Alabama.**

**I Div. 140.**

Supreme Court of Alabama.

Dec. 12, 1963.

Rehearing Denied Jan. 16, 1964.

Edmund R. Cannon, Jr., Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, for appellants.

Richmond M. Flowers, Atty. Gen., and Maurice F. Bishop, Sp. Asst. Atty. Gen., for appellee.

MERRILL, Justice.

The State of Alabama, appellee and complainant below, filed an action for declaratory judgment and injunctive relief because appellant Louisville & Nashville Railroad Company, hereinafter designated L&N, had connected with a spur track on a highway right-of-way purchased by the State, and was operating trains across the right-of-way on the spur track. The appeal was taken from a decree holding that the State's rights were superior to those of appellant and enjoining L&N from using the spur track on the right-of-way.

In 1942, appellant Southern Furniture Manufacturing Company, hereinafter referred to as Southern Furniture, acquired a tract of land measuring approximately 2,000 feet north and south and 1,000 feet east and west. The south boundary of the property was the L&N right-of-way and the L&N maintained a fence along the boundary line. A spur side track entered the property from the north, passed alongside a warehouse on the property, and extended south beyond the warehouse toward the L&N track.

On July 27, 1942, Southern Furniture conveyed to Gulf, Mobile & Ohio Railroad Company, hereinafter referred to as GM&O, an easement for railroad side track purposes across their tract, in pertinent part as follows:

> "A strip of land twenty (20) feet in width, that is ten (10) feet in width, on each side of the center line of the side tracks of the Gulf, Mobile and Ohio Railroad Company, as the same are now located, and constructed on and across that certain lot or parcel of land described as follows:"

> * * *

The easement further provided:

> "The conveyance of the easement hereby made is upon the expressed condition subsequent, that if the Gulf, Mobile and Ohio Railroad Company shall at any time, remove its side tracks from the premises hereinabove described, the rights hereinabove granted, ipso facto, will revert to the Southern Furniture Manufacturing Company, its successors or assigns."

In 1956, Southern Furniture conveyed the south 175 feet of the parcel between the warehouse and the L&N right-of-way to Gulf Development Company, and that corporation sold the strip to the State for a right-of-way for a limited access highway in 1958.

When the State purchased this portion of the right-of-way, the spur track of GM&O extended on the proposed highway right-of-way but did not extend to the L&N right-of-way and terminated 106 feet from the mainline of the L&N tracks.

The State's bill of complaint alleged these facts, averring that the spur track, when the easement was executed in 1942, and "as the same were then located," had ended 106 feet short of the L&N tracks and had never been connected to the L&N tracks until 1959, when Southern Furniture and L&N trespassed on the highway right-of-way purchased by the State in 1958, connected the spur track to the L&N tracks and the maintenance and operation of the spur track made it impossible for the State to use its right-of-way for highway purposes.

Demurrers were filed to the bill, and when overruled, Pleas A were filed. Pleas A asserted that the conveyance to the State had been subject to the easement from Southern Furniture to GM&O and had the State investigated the 1942 conveyance, it could have been ascertained that the easement extended across the strip purchased by the State; and that L&N acquired, under a novation agreement dated May 28, 1959, between GM&O, L&N and Southern Furniture all the right, title and interest of GM&O in the easement executed in 1942.

Pleas A were set down for hearing and the court ruled that they were not legally sufficient as a defense. Appellants then filed Pleas B. These pleas were identical with Pleas A except that the following was added:

"* * * on October 23, 1958, the road bed of the side tracks covered by the easement grant dated July 27, 1942, extended beyond where the rails of such side tracks ended on October 23, 1958; that there were cross ties, spikes, and other railroad hardware in said road bed beyond where said rails ended on October 23, 1958; that a personal examination of Parcel 1 on October 23, 1958, and next prior to such date, would have revealed such road bed, the cross ties thereon and the railroad spikes and other railroad hardware, * * *."

This plea was held sufficient, appellants demanded a jury under Tit. 7, § 164, Code 1940, and the factual issue was tried to a jury which found in favor of the State. A motion for a new trial was overruled and the court entered the decree from which the appeal was taken.

■ Appellants' argued assignments of of error are based mainly upon the overruling of the motion for a new trial and the points argued in brief are certain grounds of that motion. It is argued that the verdict—"We, the jury, find the issue in favor of the complainant" was not such a verdict that would support the final decree rendered by the court. We cannot agree.

Appellants assert in brief that:

"The basic question of fact in this case was whether on July 27, 1942, (the date of the easement grant from Southern Furniture to GM&O) the spur track in question was 'located and constructed' entirely over and across Parcel 1 as shown on Exhibit A to the bill of complaint, to the north right-of-way line of L&N. * * *"

This question was amply and ably presented to the jury both by the evidence adduced and the charge of the court. The evidence was in conflict and the jury found the issue in favor of appellee. It was admitted in the pleadings, at the trial and in brief that there never had been a connection between L&N tracks and the GM&O spur line here involved until after the State purchased the strip between the warehouse and the L&N tracks for a highway right-of-way. We hold that final decree could be rendered on the form of the verdict of the jury.

It should also be noted that the trial court made a finding of fact as follows:

"1. As of July 27, 1942, the spur track of the GM&O ended or terminated at a point 106 feet north of the center of the main rail line of the L&N as set out on Exhibit A attached to the complaint and as alleged in the complaint.

"2. As of October 23, 1958, the GM&O spur track terminated at the same point, specifically, at a point 106 feet north of the center of the main rail line of the L&N as alleged in the complaint and as shown on the map attached as Exhibit A to the complaint.

"On the basis of these factual findings, this court is of the opinion, finds, and holds that (1) the respondents do not have the right to have and maintain a railroad spur track extending from the L&N right-of-way into Parcel No. 1, * * * and do not have the right to have and maintain a railroad spur track extending from the L&N right-of-way into the right-of-way or easement acquired by the State of Alabama on October 23, 1958, * * * except as the same is herein found to have been located as of July 27, 1942, to-wit:

"From the northerly part of the said Parcel 1 extending in a general southwesterly direction to a point 106 feet north of the center of the rail of the main line of the L&N, as shown on the map attached as Exhibit A to the complaint, and as alleged in said complaint."

■ It is next argued that the court erred in refusing to give certain written charges requested by appellants on the issue of reverter. One of them, charge 32 reads:

"I charge you Gentlemen of the Jury that there can be no reverter under the pleadings in this case in favor of the State of Alabama of any part of the side tracks covered by the easement grant dated July 27, 1942."

Appellee's bill did not raise the issue of reverter but appellants' Pleas B did. The requested charges were, in effect, general affirmative charges on the issue of reverter under the condition subsequent in the 1942 easement grant. Since no evidence supported appellants' claims that the spur track extended all the way to the L&N tracks prior to 1959, the trial court correctly refused the charges made grounds 24, 28, 29, 34 and 45 of the motion for a new trial.

■ Ground 35 of the motion for a new trial charges error in the refusal of written charge 46. This charge is argumentative, confusing and speculative. Such charges are properly refused. Harris v. Martin, 271 Ala. 52, 122 So.2d 116; Davis v. Wingard, 269 Ala. 535, 114 So.2d 450.

Ground 46 of the motion for a new trial charges error in the giving of charge 6 requested by the State, which reads:

"I charge you, gentlemen of the jury, that, if you are reasonably satisfied from the evidence that the Gulf, Mobile & Ohio Railroad Company removed any portion of its side tracks over what has been described in this proceeding as Parcel No. 1 as of October 23, 1958, then the defendants would have no right to construct or maintain a railroad side track over that portion of said Parcel No. 1."

There was no evidence of the removal of rails by anyone. Furthermore, that part of the lease already quoted provided that if GM&O "shall at any time remove its side tracks from the premises hereinabove described, the rights hereinabove granted, ipso facto, will revert to Southern Furniture Manufacturing Company, its successors or assigns."

The evidence showed and appellants admitted that the spur track had never extended all the way across Parcel No. 1 to the L&N right-of-way prior to 1959. The State was a successor and assignee of Southern Furniture and received all the

title and interest of Southern Furniture as of the date of October 23, 1958. According to the clear language of the easement to GM&O, notice of which was charged to the State, *any removal of its tracks* would cause a reversion to Southern Furniture and therefore to the State on October 23, 1958.

■ The oral charge of the court on this subject was fuller and more complete than the written charge, and there was no exception to it. The charge could have been refused, but we cannot assert that the trial court erred to reversal in the giving of the charge. Supreme Court Rule 45; McCary v. McMorris, 265 Ala. 493, 92 So.2d 319.

■ The next series of argued grounds of the motion for a new trial are Nos. 7, 9, 10, 12, 13 and 23, all of which are concerned with the refusal of certain requested written charges. When grounds for a motion for a new trial are argued under a general assignment of error that the court erred in overruling the motion for a new trial, as here, the argued grounds are treated as the specific assignments of error. Ewart Lumber Co. v. The American Cement Plaster Co., 9 Ala.App. 152, 62 So. 560. Charge 4, the basis of ground 7 was, under the pleadings, the undisputed evidence and the oral charge of the court, properly refused. Since this ground is without merit and is argued together with an unrelated charge, the basis of ground 23, we apply the same rule as when separate unrelated assignments of error are argued together and one is without merit, and we do not consider them separately. Shelby County v. Baker, 269 Ala. 111, 110 So.2d 896; Southern Electric Generating Co. v. Leibacher, 269 Ala. 9, 110 So.2d 308.

What we have said impinges in no way upon the rule that a general assignment of error on appeal grounded upon the refusal of the trial court to grant a motion for a new trial is sufficient to invite a review of the ruling on the basis of any ground well stated in the motion and properly argued in brief. Grimes v. Jackson, 263 Ala. 22,

82 So.2d 315; 2A Ala. Digest, Appeal & Error, ☜741. Here, the grounds were not properly argued.

■ Moreover, the argument conflicts with another rule. Where a group of charges is jointly treated in the argument, and one or more of them was refused with-out error, a reversal cannot be predicated on refusing the others so treated, notwithstanding they should have been given. Linville v. Crittenden, 272 Ala. 620, 133 So.2d 381; Frith v. Studdard, 267 Ala. 315, 101 So.2d 305.

■ Ground 15 charges error in the refusal to give charge 16. This charge was not only misleading, but was fully and correctly covered by the oral charge. When so, no error to reverse appears. Tit. 7, § 273, Code 1940; Mobile City Lines v. Alexander, 249 Ala. 107, 30 So.2d 4.

■ Ground 16 charges error in the refusal to give appellants' charge 17, which reads:

"I charge you Gentlemen of the Jury that there cannot be in this case a partial reverter of the GM&O spur track easement in question."

We have already discussed this question under charge 32. It is only necessary to say that the matter was adequately covered by the oral charge.

■ Ground 18 charges error in the refusal to give appellants' requested charge 24, which charged that there was "no evidence in the case of abandonment of the spur track in question by" appellants. Under the issues and the evidence, this charge was properly refused because it was misleading.

■ Ground 19 charges error in the refusal of appellants' requested charge 25, which reads:

"The Court charges the jury that mere non-user of an easement for a spur track, however long continued,

will not of itself work an abandonment. Such non-user must be accompanied by an intention to abandon and such intention must be clearly shown by the evidence."

This charge correctly states a general abstract principle of law but it was abstract when applied to the facts of this particular case. A charge which merely states an abstract principle of law without instructing the jury as to its effect upon the issues in the case on trial may be refused without error. Birmingham Southern Railroad Co. v. Ball, 271 Ala. 563, 126 So.2d 206; Moore v. Cooke, 264 Ala. 97, 84 So.2d 748.

■ Grounds 51 through 54 charge error in the refusal of the court to dismiss the bill for failure of the State to answer appellants' interrogatories or to require the State to answer the interrogatories.

Appellants concede that the State of Alabama cannot be required to answer interrogatories in a civil case at law, and we have so held, State ex rel. Smith, Atty. Gen. v. McCord, 203 Ala. 347, 83 So. 71; Ex parte Loveman, Joseph & Loeb, 241 Ala. 379, 2 So.2d 446; City of Prichard v. Hawkins, 255 Ala. 676, 53 So.2d 378; Ex parte State ex rel. Garrett, Atty. Gen., 260 Ala. 18, 68 So.2d 541. But they argue that a different rule applies here in equity because Tit. 7, § 292, Code 1940, provides in pertinent part that the State may sue in circuit court in equity matters, and the suit is governed by the same rules as suits between individuals. Appellants conclude that inasmuch as individuals are required to answer interrogatories in equity, the State must also be required to answer.

This argument, while ingenious, is not sufficient to constrain us to adopt a different rule for equity cases from that applied to the law cases.

The McCord case, 203 Ala. 347, 83 So. 71, was decided in 1919 and was governed by Sec. 4049, Code 1907, which provided:

"Either party to a civil suit, whether in a court of law or in a court of equity, his agent, or attorney, desiring the testimony of the other party, may file with the clerk or register interrogatories to be propounded to him, with an affidavit that the answers thereto will be material testimony for him in the cause."

This court held that the statute did not apply to the State, saying:

"It is true that section 4049 of the Code of 1907 authorizes either party to a civil suit to propound interrogatories to the other party, but said statute does not specifically name or include the state, nor is it made applicable thereto by any other provision of the Code. As a general rule of statutory construction, without any express legislative declaration, general words in a statute do not apply to the state, nor affect its rights, unless an intention to the contrary appears. Ex parte McDonald, 76 Ala. 603; State v. Allen, 71 Ala. 543; State ex rel. Lott v. Brewer, 64 Ala. 287. There is no express provision making this statute applicable to the state, nor can we say that there is a necessary implication that it was the intent of the lawmakers to make it apply, simply because the state was not specially excepted from the operation of same. * * *"

 The authority to propound interrogatories in equity is contained in Equity Rule 39. We have said that this rule is statutory in nature, that the right to file interrogatories in equity is purely statutory, and being in derogation of the common law, statutes or rules giving the right are to be strictly construed. Ex parte Ingalls, 256 Ala. 305, 54 So.2d 288.

Equity Rule 39 (or the statutes from which it was adapted) does not expressly make its provisions applicable to the State of Alabama and we, therefore, hold that the rationale of the McCord case applies in the instant case. The trial court properly overruled the motion for a new trial on the argued grounds.

**106**

Finally, appellants contend that the court erred in holding Pleas A to be insufficient as a defense to the action. It suffices to say that Pleas A admitted that the GM&O spur did not connect with the L&N right-of-way on October 23, 1958, the date the State purchased the highway right-of-way, and that no service had been provided by L&N to that date "because there was then no spur track connection between the L&N main line and the said GM &O spur track." As previously noted, Pleas B were substantially copies of Pleas A but particularized what an inspection of the premises on October 23, 1958 would have revealed; and Pleas B were held sufficient and submitted to the jury. The trial court did not err in holding Pleas A legally insufficient.

No reversible error having been argued, the decree is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.