### NORTHERN ALABAMA RY. CO. v. McGOUGH. (6 Div. 812.)

(Supreme Court of Alabama. May 10, 1923.)

1. **Railroads ☞350(34) — Question of wanton injury at crossing held for jury.**

In an action for wrongful death, testimony as to excessive speed of a railroad train approaching a crossing, used by many people with great frequency at the particular hour of the day when the accident occurred, and that the train was operated without signal or warning, *held* sufficient to warrant the submission to the jury of defendant's liability on the theory of wanton injury.

2. **Trial ☞199—Instruction as to crossing signals properly refused as submitting question of law.**

In an action for wrongful death in crossing accident submitted to the jury only on the count alleging defendant's wantonness, defendant's requested instruction that the jury should find for defendant on such count, unless reasonably satisfied from the evidence that the crossing signals were not given as required by law was properly refused as attempting to submit to the jury a question of law.

3. **Trial ☞253(9)—Instruction as to crossing signal properly refused as pretermitting blowing of whistle.**

In an action for wrongful death in crossing accident submitted to the jury only on a count alleging defendant's wantonness, defendant's requested instruction that plaintiff could not recover unless the jury were reasonably satisfied that the bell was not rung from the whistling board to the crossing was properly refused as pretermitting the question whether the locomotive whistle was blown.

4. **Trial ☞260(1)—Refusal of instructions covered by others not reversible error.**

Appellant cannot complain of the erroneous refusal of instructions predicated on its theory of defense where the law relative to such defense was fully embodied in the oral charge of the court and in other special charges given at appellant's request.

Appeal from Circuit Court, Marion County; J. J. Curtis, Judge.

Action by J. W. McGough, as administrator of the estate of James F. McGough, deceased, against the Northern Alabama Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Count 3 of the complaint reads:

"The plaintiff, J. W. McGough, as administrator of the estate of James F. McGough, deceased, further claims of the defendant, Northern Alabama Railway Company, a corporation said sum of $50,000, as damages, and alleges that before the bringing of this suit the defendant operated a railroad which runs through Marion county, Alabama, upon and over which defendant ran engines and cars for the transportation of freight and passengers; and on, to wit, the 2d day of November, 1921, the defendant's agents or servants, while engaged in running an engine and cars upon and over said railroad at a point on said railroad in Marion county, Alabama, near the town of Haleyville, and while acting within the line and scope of their authority as such, willfully, wantonly or 'intentionally ran said engine or cars upon or against said James F. McGough, plaintiff's intestate, and killed him."

Charges 6 and 13, refused to defendant, are as follows:

"(6) The court charges you that unless you are reasonably satisfied from the evidence that signals for the crossing were not given as required by law you cannot find for the plaintiff under the count charging wanton or willful injury."

"(13) Unless you are reasonably satisfied from the evidence that the bell was not rung from the whistling board to this road crossing you cannot find for the plaintiff under the wanton count."

Charges 5 and 9, given for defendant, are as follows:

"(5) Unless you are reasonably satisfied from the evidence that the whistle was not blown or the bell rung for the crossing as required by law, then you cannot find for the plaintiff unless you are reasonably satisfied from the evidence that the defendant's agents were negligent after discovering intestate's peril."

"(9) You cannot find for the plaintiff under the wanton count unless you are reasonably satisfied from the evidence that the train was run at a high and dangerous rate of speed and without signals of approach and that the trainmen had reason to believe there were persons in exposed positions on the track at that time."

Bankhead & Bankhead, of Jasper, for appellant.

In order to constitute wanton injury at a public road crossing, where there is no tendency of the evidence to show disregard of the safety of the person imperiled after discovery of the peril, there must coexist the operation of the train at a high and dangerous rate of speed, without signals of approach, over a crossing used in such numbers and with such frequency that the trainmen are charged with knowledge that some one will probably or likely be on the crossing. Ga. Pac. Ry. Co. v. Lee, 92 Ala. 262, 9 South. 230; Weatherly v. N., C. & St. L. Ry. Co., 166 Ala. 575, 51 South. 959; C. of Ga. Ry. Co. v. Foshee, 125 Ala. 199, 27 South. 1006. Charges 6 and 13, requested for defendant, were erroneously refused. Meadors' Case, 95 Ala. 137, 10 South. 141; O'Shields' Case, 90 Ala. 29, 8 South. 248; Webb's Case, 97 Ala. 312, 12 South. 374; Martin's Case, 117 Ala. 383, 23 South. 231; Rice's Case, 142 Ala. 677, 38 South. 857.

E. B. & K. V. Fite, of Hamilton, and J. M. Pennington, of Jasper, for appellee.

There is no error in refusing a charge, although a correct statement of law, if it is covered by the oral charge or charges given at the request of the parties. Acts 1915, p. 815.

ANDERSON, C. J. [1] This case went to the jury on the third or wanton count alone, and there was sufficient evidence to justify the submission to them and to support the verdict for the plaintiff under said count. True, the speed of the train alone at the point in question did not constitute wantonness, but when accompanied with evidence showing that the point of injury was a populous crossing, and that people were in the habit of crossing with great frequency at this time of year and hours of the day, and that the train was operated without signal or warning, there being proof from which the jury could infer that the enginemen were conscious of conditions and probable injury, the plaintiff made a case for the jury, and the defendant was not, therefore, entitled to the general charge as to said count. The evidence was in conflict, but the verdict was not so contrary to the great weight of same as to warrant this court in putting the trial court in error for overruling the defendant's motion for a new trial.

[2-4] There was no error in refusing the defendant's requested charge 6. It submitted a question of law to the jury. Nor was there error in refusing defendant's requested charge 13. It instructed a finding against the plaintiff if the bell was rung and pretermits blowing the whistle. The defendant's servants may have rung the bell and not blown the whistle, and the latter may have been more efficacious as a warning. Moreover, the defendant got the full benefit of the defense embodied in these charges, both in the oral charge of the court and by special charges given at its request. See given charges 9 and 5.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.