(108 So. 255)

## LAMBERT v. SOUTHERN RY. CO. et al.
### (6 Div. 448.)

(Supreme Court of Alabama. March 18, 1926. Rehearing Denied April 22, 1926.)

1. Railroads ⬡⟞346(2).

In action for death at railroad crossing, based on wanton misconduct, burden of proof is not on defendant, under Code 1923, § 9955.

2. Railroads ⬡⟞339(1).

Rate of speed alone does not constitute wanton misconduct by railroad.

3. Railroads ⬡⟞339(1)—Railroad cannot be held liable on ground of wantonness, where engineer was not conscious of conditions existing.

Where there was no proof that engineer was conscious of conditions existing at cross-

ing at time of accident, railroad cannot be held liable for death of deceased, struck by train while crossing tracks, on ground of wantonness of its servants.

4. Railroads ⬡⟞338—Where train could not have been slackened in time, railroad was not liable on theory of wanton failure to avoid injury after discovery of peril.

Where deceased was signaled by engineer and did not proceed to cross tracks until engine was within a few feet of him, so that train could not have been slackened in time to avoid injury, whether traveling at excessive or moderate speed defendant cannot be held liable on theory that engineer wantonly failed to use all means at hand to avoid injuring deceased after discovery of peril.

5. Appeal and error ⬡⟞1068(3, 5).

Where defendant is entitled to general charge, error in giving other charges and refusing requested charges, if any, is without injury.

6. Evidence ⬡⟞471(9)—Testimony as to why deceased and witness went to point of accident and what they did held properly admitted, as not relating alone to uncommunicated motive of deceased, but was narration of agreement between them.

In action for death at railroad crossing, admission of testimony as to why witness and deceased went to point of accident and what they did was not error, where it did not relate alone to uncommunicated purpose or motive of deceased, but was narration of agreement or understanding between them.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action for damages by Ethel Lambert, as administratrix of the estate of L. E. Lambert, deceased, against the Southern Railway Company and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Count B alleges that while plaintiff's intestate was crossing defendant's railroad tracks, over and along a pathway frequently used by pedestrians, one of defendant's trains was caused or allowed to run into, upon, or against intestate, killing him, and ascribes the killing to the wanton misconduct of defendant's agents or servants, etc.

The plaintiff's witness Leonard testified that he was walking down the railroad track and met the train that killed intestate about a block and a half from the scene of the accident; that as the engine passed him the whistle commenced blowing as if to warn cattle off the track; that witness looked back and saw intestate, who was some three feet to the side of the tracks and seven or eight feet in front of the engine, apparently attempting to cross the track, taking a step or two onto the track, and then the engine cut off his view of intestate, and that he saw him no more until the entire train had passed;

---

⬡⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that he went back and saw a pool of blood, and "saw, down the track about half a block, he (intestate) was strewn up and down the track." The witness further testified that the speed of train was 30 or 35 miles an hour, and that it did not stop.

Graham Perdue and S. R. Hartley, both of Birmingham, for appellant.

A witness may not testify as to the mental status of another. Bailey v. State, 18 So. 234, 107 Ala. 151; L. & N. v. Perkins, 51 So. 870, 165 Ala. 471, 21 Ann. Cas. 1073; A. G. S. v. Flinn, 74 So. 249, 199 Ala. 177. It is the duty of trainmen to keep a lookout for persons attempting to cross the track at a place frequently used by pedestrians. A. G. S. v. Guest, 34 So. 969, 136 Ala. 348; 33 Cyc. 921.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellees.

It is not incumbent upon a railway company, under Code 1923, § 9955, to acquit itself of willful or wanton conduct or subsequent negligence. A. G. S. v. Smith, 71 So. 455, 196 Ala. 77; Jolley v. Southern Ry., 72 So. 382, 197 Ala. 60; O. of Ga. v. Moore, 75 So. 971, 200 Ala. 213; L. & N. v. Jones, 67 So. 691, 191 Ala. 485; L. & N. v. Rayburn, 68 So. 356, 192 Ala. 494. Evidence as to speed alone is not sufficient to make out a case of willful or wanton conduct. Nor. Ala. R. Co. v. McGough, 96 So. 569, 209 Ala. 435, Code 1923, § 955, has no application to a point on the track crossed merely by a path. Walker v. A. T. & N., 70 So. 125, 194 Ala. 360. A person undertaking to cross a track at a point other than at a public crossing is entitled to protection merely as a licensee. A. G. S. v. Linn, 15 So. 508, 103 Ala. 134. In order to make out a case based on willful and wanton conduct. it is necessary to prove that defendant's employés knew of the traffic conditions on the track at the time. L. & N. v. Heidtmueller, 89 So. 191, 206 Ala. 29. And in order to show subsequent negligence, there must have been evidence to show the train could have been stopped or its speed retarded in time to avoid the fatal accident. Southern Ry. v. Stewart, 45 So. 51, 153 Ala. 133.

ANDERSON, C. J. [1] This case was tried on count B, a wanton count, and the burden of proof was not therefore upon the defendant. under section 9955 of the Code of 1923. A. G. S. R. Co. v. Smith, 71 So. 455, 196 Ala. 77; Jolley v. Southern R. R., 72 So. 382, 197 Ala. 60; Central of Georgia R. R. v. Moore, 75 So. 971, 200 Ala. 213; L. & N. R. R. v. Jones, 67 So. 691, 191 Ala. 485.

[2, 3] The deceased was killed early in the morning just before or about daylight, and there were but two eyewitnesses to the accident, Joe McCurrie and Lewis Leonard. If the testimony of McCurrie be true, the defendant was entitled to the general charge,

for if the defendants' trainmen were guilty of wantonness as charged it was not the proximate cause of the death of the intestate, as it shows that they, as companions, went to the point in question to jump the train in order to return to their home at Anniston; that it was dark and they kindled a fire on the side of the track in order to see the steps or handholds as the train passed; that after the front of the train passed he mounted a rear car; and the last he saw of the deceased he was trying to mount one behind him. Therefore the plaintiff, in order to make out a case, had to rely upon the evidence of Leonard in connection with other evidence. The proof fails to show that the intestate was killed at a public crossing, as none of the streets crossed the track but terminated at the edge of the track or embankment upon which it was laid. There was some proof of a path which led up to or over the track, and there was some proof that it was frequently used by people going to work at daylight but it is doubtful if the intestate was run over while using the path. It may be conceded, however, that if the intestate was killed at a populous crossing, the only constituent of wantonness was the rate of speed the train was going, as the proof shows that the engineer was keeping a lookout and constantly blew the whistle. The rate of speed alone does not constitute wantonness. Northern R. R. v. McGough, 96 So. 569, 209 Ala. 435. Moreover, there was no proof that the engineer was conscious of conditions existing at this point and at that time of day. He may have never passed there before at that hour, and the proof shows that this was an extra or special train. L. & N. R. R. v. Heidtmueller, 89 So. 191, 206 Ala. 30.

[4, 5] The only other theory upon which the case could go to the jury was that the engineer wantonly failed to use all means at hand to avoid injuring the intestate after discovering his peril. The witness, Leonard, testified, in effect. that the intestate was off the track, but was signaled by the engineer and did not proceed to go across until the engine was in a few feet of him, seven or eight, and, whether the train was going 35 or 15 miles an hour, we can safely say it could not. have been slackened in time to avoid injuring him. The law does not require doing a useless thing. The defendant having been entitled to the general charge, if there was error in giving other charges for the defendant and refusing those requested by the plaintiff, it was error without injury.

[6] Nor do we think that the ruling of the trial court on the evidence had any material bearing upon the vital questions in the case. It is sufficient to say, however, there was no error in permitting the witness McCurrie to testify why they went to this point and what they did, as it did not relate alone to the uncommunicated purpose or motive of the

intestate, but was the narration of an agree ment or understanding between them.

The judgment of the circuit court is affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.