153 So. 746

## SOUTHERN RY. CO. v. DIFFLEY.

### 6 Div. 436.

Supreme Court of Alabama.

March 1, 1934.

Rehearing Denied April 12, 1934.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

John W. Altman and London, Yancey, Smith & Windham, all of Birmingham, for appellee.

BROWN, Justice.

Some of the special charges requested by the defendant and refused by the court assert that, if the jury were reasonably satisfied from the evidence that signals of the train's

approach were given as required by the statute (Code 1923, § 9952), the jury would not be warranted in finding the defendant guilty of wantonness, although they were also reasonably satisfied that the train approached the crossing at a high rate of speed. Others assert a like proposition as related to the stationary signal maintained at the crossing.

Under the assignments of error predicated on the refusal of these charges, appellant insists that the absence of such warning was an element of the burden of proof resting on the plaintiff under the wanton count.

██ It has been consistently ruled here that mere proof that a train approached and passed a public crossing at a high rate of speed does not sustain a charge of wantonness; and likewise, in certain circumstances, as where the plaintiff relies on the character of the crossing, as a populous crossing, and its frequent use at or about the time of the injury to a member of the public in its use, and knowledge of such conditions as importing notice to the trainmen that some one is, at the time of the train's approach, on or near the crossing in a place of peril, it has been consistently held that the absence of signals of approach enter into and constitute an element of wantonness.

The full import of that doctrine is thus clearly stated in Ala. Great Southern Ry. Co. v. Guest, as Adm'r, 144 Ala. 373, 375, 39 So. 654, 657: "To run a train at a high rate of speed and without signals of approach, where the trainmen *have reason to believe there are persons in exposed positions on the track*, as over an unguarded crossing in a populous district of a city, or where the public are wont to pass on the track with such frequency and in such numbers—facts known to those in charge of the train—as that they will be held to a knowledge of the probable consequences of maintaining greater speed without warning, *so as to impute to them reckless indifference* in respect thereto, would render the employer liable for injuries resulting therefrom, notwithstanding there was negligence on the part of those injured and no fault on the part of the servants after seeing the danger. Ga. Pac. R. R. Co. v. Lee, 92 Ala. 262, 9 So. 230; Highland A. & B. R. R. Co. v. Robbins, 124 Ala. 113, 27 So. 422, 82 Am. St. Rep. 153." (Italics supplied.)

The cases cited by appellant do not hold that the failure to give a signal of the train's approach is an essential element of wantonness. In Northern Alabama Ry. Co. v. McGough, 209 Ala. 435, 96 So. 569, so far as appears, there was no evidence showing, or tending to show, that the enginemen had *actual notice* that plaintiff's intestate was in a position of peril in time to avert the injury, either by stopping the train or checking its speed. That case applied the doctrine above stated.

In Southern Ry. Co. v. Randle, 221 Ala. 435, 438, 128 So. 894, 897, "the evidence as to the use of the crossing is [was] not sufficient to put the engineer on notice that some one would probably be on the crossing, and it is [was] not shown that he did not do all that could be required, after discovering the peril, to avert the collision."

██ In the case at bar, the evidence was without dispute that the engineer had actual notice from the fireman that plaintiff's testate was in a position of peril about the time the train reached Jefferson avenue, and, as some of the evidence goes to show, 200 or more feet from the point of contact between the train and the deceased, and that, if the train was moving forward from 15 to 18 miles per hour, as the testimony of the trainmen tended to show, it could have, by the use of the means at hand, been stopped within 45 or 50 feet. Though the evidence was in dispute, there was evidence tending to show that the brakes were not applied, until about the time of the collision; that the train, consisting of the locomotive tender and four coaches, after the danger blast of the whistle was sounded, moved forward upward of 700 feet before it came to a stop.

In these circumstances, the question of wantonness was one of fact for the decision of the jury. Southern Railway Co. v. Shelton, Adm'r, 136 Ala. 191, 34 So. 194, 201; Southern Ry. Co. v. Gantt, 210 Ala. 383, 98 So. 192; Central of Georgia Ry. Co. v. Chambers, 194 Ala. 152, 159, 69 So. 518; Southern Railway Co. v. Hyde, 164 Ala. 162, 169, 51 So. 368.

The pertinent statement of the doctrine in Shelton's Case, supra, is: "* * * If, with knowledge of his peril, they, or either of them [the engineer in this case], purposely or consciously omitted action to save, and which would have saved, him, this would be wantonness for which the company would be liable, however negligent Shelton may have been."

██ Where, as here, it is shown that the agent or servant charged with the wrong has actual notice of the peril, the only distinction between subsequent negligence and wantonness is, subsequent negligence consists of the inadvertent failure to use all the means at hand known to skillful engineers, in their

492

proper order and effectiveness, to avert the injury, while, to constitute wantonness, the failure to use such means in their proper order and effectiveness must be accompanied by a conscious knowledge of the consequences and a reckless disregard thereof. Central of Georgia Ry. Co. v. Corbitt, 218 Ala. 410, 118 So. 755; Allison Coal & Transfer Co. v. Davis, 221 Ala. 334, 129 So. 9; McNeil v. Munson S. S. Lines, 184 Ala. 420, 63 So. 992; Louisville & Nashville Railroad Company v. Young, 153 Ala. 232, 45 So. 238, 16 L. R. A. (N. S.) 301.

■■ The charges made the basis of the assignments of error argued were well refused. And charge 16 was properly refused for another reason; it submitted to the jury a question of law "whether whistle signals were sounded in accordance with the statute." Northern Alabama Ry. Co. v. McGough, 209 Ala. 435, 96 So. 569.

After due consideration of the evidence and its legitimate tendencies, we do not feel warranted in holding that the court erred in refusing the motion for a new trial either on the ground that the verdict was contrary to the great weight of the evidence or that the damages awarded thereby were excessive.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.