88 So.2d 322

**Nell SMITH**

v.

**Elaine E. LAWSON.**

**Nell SMITH**

v.

**James M. LAWSON.**

**6 Div. 928, 928–A.**

Supreme Court of Alabama.

June 14, 1956.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellant.

Dan P. Barber and Harold M. Cook, Birmingham, for appellees.

SIMPSON, Justice.

On January 6, 1954, the automobiles driven by appellant and appellee, Mrs. Lawson, were involved in an intersectional collision. Appellees, suing separately, sought to recover for personal injuries, property damage and damages resulting to appellee Mr. Lawson on account of his wife's injuries. The suits were consolidated and tried together. From a judgment in favor of the plaintiffs, defendant has appealed.

Both Lawsons are appellees, but reference in the singular to appellee or plaintiff will be to Mrs. Lawson only since hers is the main suit and Mr. Lawson's being dependent or derivative as to right of recovery.

Mrs. Lawson, in her complaint, charged negligence and wanton conduct on the part

of Mrs. Smith; Mr. Lawson charged only negligence. Reversible error is said to appear in the refusal of the trial court to give the affirmative charge with hypothesis in favor of the appellant as to each suit and each count. Appellant also contends that the trial court erred in overruling the motion for a new trial upon the ground that the verdicts are contrary to the weight of the evidence.

■■ For emphasis we refer to two oft cited rules of review. Where the affirmative charge is refused the defendant, the appellate court in reviewing the ruling must accept as true the evidence favorable to the plaintiff and look to the strongest tendencies of the testimony in his behalf. Godfrey v. Vinson, 1926, 215 Ala. 166, 110 So. 13; Henley v. Lollar, 1950, 35 Ala. App. 182, 44 So.2d 791. And where the trial court refuses to grant a new trial, the presumption in favor of the correctness of the verdict is strengthened. W. T. Smith Lumber Co. v. McKenzie, 1952, 256 Ala. 496, 55 So.2d 919. Keeping in view these rules we will give a brief recital of the pertinent evidence.

On a clear afternoon Mrs. Elaine Lawson, the appellee was driving her automobile in an easterly direction on 23rd Street in the City of Birmingham, and approached the intersection of that street with Avenue G. The intersection was not controlled by any stop sign or traffic signal. The neighborhood was a residential one. Appellee had been driving fifteen to twenty miles per hour, but at a point about fifty feet from the intersection she slowed down and came to a complete stop. The northwest corner of the intersection which was the corner inside the angle made by the two vehicles on their approach was vacant and appellee could see as far as half a block in this direction which was to her left on Avenue G. After appellee stopped, she looked in all directions, did not see a car coming and she started across the street. A collision then occurred when the front of appellant's car struck the left side of appellee's car while both cars were within the intersection; thereafter the two vehi-

cles moved a distance of thirty-seven feet before coming to a stop.

Immediately prior to the collision the appellant, who lived two blocks from the intersection, was travelling in a southerly direction on Avenue G at a rate of speed of thirty to thirty-five miles per hour. Appellant saw appellee who was on appellant's right, approaching the intersection; appellant then looked to her left. It appears that appellee entered the intersection prior to the entrance of appellant. Appellant did not, however, slacken her speed, blow the horn or stop, nor did she apply her brakes at any time prior to the collision. While it is not clear at what point the appellant first saw appellee, it is clear that the appellee first approached the intersection. It further appears that the left side of appellee's car was eighteen feet from the west curb of Avenue G, a street thirty-two feet in width, at the point of the impact.

The pertinent traffic laws are: The maximum speed limit in this residential district is twenty-five miles per hour. Code of Alabama, 1940, Tit. 36, § 5; Birmingham City Code, § 1239(b)(6). Ordinarily, where two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left should yield the right of way to the vehicle on the right. Code of Alabama, 1940, Tit. 36, § 18(a); Birmingham City Code, § 1253(b). The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different street. Birmingham City Code, § 1253(a). Further, the driver of a vehicle should ordinarily drive upon the right half of the street. Code of Alabama, 1940, Tit. 36, § 9.

■ It is clear from the foregoing that the jury could have found that appellee had the "right of way." The appellant, therefore, was under a duty to "exercise a degree of care commensurate with the superior right of the other to observe the car of the other, its speed, position, and operation, and to wait until it has passed before attempting to cross the intersection." 2 Blashfield, Cyc. of Automobile Law and

Practice, § 1025, p. 289. The driver is "presumed to know that a vehicle approaching a street intersection from his right has the right of way, and is under the duty of looking to the right for automobiles approaching from that direction.

"\* \* \* \* \* \*

"\* \* \* observation should be made at the first opportunity and at a point where observation will be reasonably efficient for, and conducive to, protection." 2 Blashfield, supra, §§ 1037, 1038, pp. 351, 352, 357. See also Echols v. Vinson, 1929, 220 Ala. 229, 124 So. 510; 3–4 Huddy, Automobile Law, §§ 154, 155; 5 Am.Jur., Automobiles, § 291; 60 C.J.S., Motor Vehicles, § 363.

■ We take cognizance, of course, of the fact that while the appellee may have been entitled to the right of way, this would not relieve her of the general duty of exercising due care not to injure others at the crossing. Ray v. Brannan, 1916, 196 Ala. 113, 72 So. 16; Allen v. Zickos, 1953, 37 Ala.App. 361, 68 So.2d 841.

■ But viewing the evidence most favorable to the plaintiff, as is our duty, we are fully persuaded that there was no error in submitting to the jury the counts charging negligence and that the court ruled properly in refusing the affirmative charges in respect thereto.

■ It is also contended by appellant that the court improperly submitted to the jury the wanton count. We are unable to agree. There of course must be evidence to show or create a reasonable inference that the appellant had knowledge of appellee's peril and of the probable consequences of her conduct and with reckless disregard of such consequences she pursued that conduct. Knowledge, however, need not be shown by direct proof. It may be made to appear like any other fact by showing circumstances from which the fact of actual knowledge is a legitimate inference. Griffin Lumber Co. v. Harper, 247 Ala. 616, 25 So.2d 505; Allison Coal and Transfer Co. v. Davis, 221 Ala. 334, 129 So. 9; Duke v. Gaines, 224 Ala. 519, 140 So. 600.

■ Stated another way, a willful or intentional injury may not necessarily be involved in wantonness. It may consist of a failure to act by a person with knowledge that somebody is probably imperiled and the act or failure to act is in reckless disregard of the consequences. McNickle v. Stripling, 259 Ala. 576, 67 So.2d 832.

The case of Godfrey v. Vinson, 215 Ala. 166, 169, 110 So. 13, 16, has a pertinent statement of the applicable rule:

"Wantonness may arise from knowledge that persons, though not seen, are likely to be in a position of danger, and with conscious disregard of known conditions of danger and in violation of law [defendant] brings on the disaster."

■ If, therefore, the defendant, conscious of the plaintiff's position but ignoring the consequences, heedlessly or recklessly disregarded the peril in which the plaintiff was situated and proceeded at a rapid rate of speed and in violation of law into the intersection when the defendant should have anticipated such a condition, that conduct would amount to wantonness. We hold, therefore, that the evidence adduced made a jury question on this issue. McNickle case, supra; Godfrey case, supra; Wilhite v. Webb, 253 Ala. 606, 46 So.2d 414; Alabama Power Co. v. Buck, 250 Ala. 618, 35 So.2d 355; Fortson v. Hester, 252 Ala. 143, 39 So.2d 649; Daniel v. Motes, 228 Ala. 454, 153 So. 727.

■ The refusal to give charges 9 and 15 requested by the defendant furnishes no predicate for a reversal in that the principle of law stated was fairly and substantially covered by the court's general oral charge and written charges 10 and 16 given at the request of the defendant. Code of Alabama, 1940, Tit. 7, § 273; Atlantic Coast Line R. Co. v. French, 261 Ala. 306, 74 So. 2d 266; Hornaday v. First Nat. Bank of Birmingham, 259 Ala. 26, 65 So.2d 678.

■ Assignments 14 and 43 are predicated on the plaintiff's attempt to show that at the intersection where the accident

occurred there were children of school age. It is always permissible to describe the locus in quo or scene of the accident and persons who were present, but without considering the propriety of such evidence the responsive answer to such inquiry by the plaintiff came before the objection, and the objection, therefore, was not timely. Alabama Power Co. v. Edwards, 219 Ala. 162, 121 So. 543; Scott v. Parker, 216 Ala. 321, 113 So. 495; Bates v. Bank of Moulton, 226 Ala. 679, 148 So. 150.

 Moreover, with respect to evidence about children at the crossing, the court later on in the trial, as we construe the record, ruled out all evidence with reference to schools and school children and confined its ruling to allowing the plaintiff to show: "Who was there at the scene of the accident, whether grown people and children." The inquiry being limited to the stated evidence was, of course, proper and all of the assignments of error dealing with this proposition are without merit.

 Assignments of error 13 and 42 complain of the overruling of appellant's objection to certain remarks made by counsel for plaintiff in his opening statement to the jury. Reversible error is not made to appear for, while the court overruled the defendant's objection, it instructed the jury that the remarks were not evidence and unless supported by evidence which the court admitted, would not be before the jury. Alabama Fuel & Iron Co. v. Powaski, 232 Ala. 66, 166 So. 782.

 Appellant groups together in argument assignments of error 13, 14, 15, 16, 17 of Mrs. Lawson's case and 42, 43, 44, 46 and 47 of Mr. Lawson's case. Assignments 13, 14, 42 and 43 being without merit, the others will not be considered. Crescent Amusement Co. v. Knight, 263 Ala. 445, 82 So.2d 919; Gulf, M. & O. R. Co. v. Sims, 260 Ala. 258, 69 So.2d 449; Gilliland v. Dobbs, 234 Ala. 364, 174 So. 784.

 On the basis of the foregoing considerations we are also constrained to hold that the court ruled properly in refusing the motion for a new trial. After a careful study of the record, we think the case was fairly tried without prejudicial error to the defendant.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and SPANN, JJ., concur.