116 So.2d 582

William B. SMITH

v.

Lester P. CULLEN.

6 Div. 190.

Supreme Court of Alabama.

Dec. 17, 1959.

94

Whitmire, Morton & Coleman, Birmingham, for appellee.

Chas. A. Stewart and Huie, Fernambucq & Stewart, Birmingham, for appellant.

COLEMAN, Justice.

Appellee, plaintiff below, recovered verdict and judgment for five thousand dollars for personal injury and property damage arising out of an automobile collision at a street intersection in Birmingham.

The complaint contained two counts, one charging negligence and the other wanton misconduct by the defendant. Motion for new trial was overruled.

Defendant argues three propositions to show error, to wit: (1) that the court erred in refusing the affirmative charge for defendant as to the wanton count, (2) that the court erred in overruling motion for new trial on ground that the verdict is contrary to the great weight of the evidence, and (3) that the court erred in overruling the motion for new trial on the ground that the verdict is so excessive on its face as to show that it is the product of bias and prejudice on the part of the jury. We discuss these propositions in numerical order.

(1)

"In considering the question of the sufficiency of the evidence of wantonness to be submitted to the jury, this court must accept the adduced evidence most favorable to the plaintiff as true, and indulge such reasonable inferences as the jury was free to draw from the evidence. * * *" English v. Jacobs, 263 Ala. 376, 377, 82 So. 2d 542, 543; McNickle v. Stripling, 259 Ala. 576, 67 So.2d 832. Where from the evidence a reasonable inference may be drawn adverse to party requesting affirmative charge, the charge is properly refused. Aircraft Sales & Service v. Gantt, 255 Ala. 508, 52 So.2d 388.

The evidence favorable to the plaintiff in the instant case tended to show that plaintiff was driving his car in a westerly direction on 48th Street at fifteen miles per hour, that he came to intersection of 48th Street and Court S and stopped his car completely, that a third car was proceeding south on Court S and had also stopped completely at the intersection on plaintiff's right, that defendant was driving his car north on Court S about eighty feet from intersection at a speed of approximately thirty-five miles per hour and was approaching intersection on plaintiff's left when first seen by plaintiff, that the driver of third car signaled for plaintiff to cross intersection, that plaintiff started across intersection and traveled about six or eight feet into the intersection when he saw defendant's car about fifty feet away whereupon plaintiff stopped a second time, that defendant without changing course drove into plaintiff's car and struck plaintiff's car on the left front fender and pushed plaintiff's car seven or eight feet north in defendant's direction of travel, that 48th Street is an oiled dirt or gravel street without curbs, that Court S is a paved street with curbs, that both streets are 30 feet wide, that no traffic control or signal was at the intersection, that as defendant approached the intersection his vision to the right in the direction from which plaintiff came was limited or obstructed by houses and shrubbery, that the intersection is in a residential district, that defendant was familiar with the intersection and traveled it "everyday," that there were thirty feet of tire or skid marks behind defendant's car from the point of impact, and that after the collision defendant told an officer who investigated the accident "when I first saw Cullen I slammed on my brakes and skidded into him." The collision occurred about 5:30 p. m. on April 5, 1956, in daylight. It was dry when the accident happened and began drizzling some 10 to 15 minutes later.

Evidence favorable to defendant showed that he drove into intersection at fifteen miles per hour and did not see plaintiff.

until plaintiff entered intersection later and drove his car into defendant's car.

■ This court has said:

" ' * * * "Wantonness is a conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty injury will likely or probably result. * * * " ' [First Nat. Bank of Dothan v. Sanders, 227 Ala. 313, 149 So. 848, 849.]" English v. Jacobs, supra, 263 Ala. at page 379, 82 So. 2d at page 544.

In a recent case arising out of a collision at an intersection in Birmingham, traffic rules applicable also to the instant case were summarized as follows:

" * * * The maximum speed limit in this residential district is twenty-five miles per hour. Code of Alabama, 1940, Tit. 36, § 5; Birmingham City Code, § 1239(b) (6). Ordinarily, where two vehicles approach cr enter an intersection at approximately the same time, the driver of the vehicle on the left should yield the right of way to the vehicle on the right. Code of Alabama, 1940, Tit. 36, § 18(a); Birmingham City Code, § 1253(b). The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different street. Birmingham City Code, § 1253(a). Further, the driver of a vehicle should ordinarily drive upon the right half of the street. Code of Alabama, 1940, Tit. 36, § 9." Smith v. Lawson, 264 Ala. 389, 392, 88 So.2d 322, 324.

Title 36, § 5(b), Code 1940, further provides a maximum speed limit of fifteen miles per hour "when approaching within fifty feet and in traversing an intersection of highways when the driver's view is obstructed."

The facts in Smith v. Lawson, supra, parallel the facts in the instant case. There plaintiff came to a complete stop, looked in all directions, did not see a car coming, and started across the street. About halfway across the intersection defendant's car struck plaintiff's car. In holding that the wanton count was properly submitted to the jury, this court said:

" * * * There of course must be evidence to show or create a reasonable inference that the appellant had knowledge of appellee's peril and of the probable consequences of her conduct and with reckless disregard of such consequences she pursued that conduct. Knowledge, however, need not be shown by direct proof. It may be made to appear like any other fact by showing circumstances from which the fact of actual knowledge is a legitimate inference. (Citations omitted.)

* * * * * *

" 'Wantonness may arise from knowledge that persons, though not seen, are likely to be in a position of danger, and with conscious disregard of known conditions of danger and in violation of law [defendant] brings on the disaster.'

"If, therefore, the defendant, conscious of the plaintiff's position but ignoring the consequences, heedlessly or recklessly disregarded the peril in which the plaintiff was situated. and proceeded at a rapid rate of speed and in violation of law into the intersection when the defendant should have anticipated such a condition, that conduct would amount to wantonness. We hold, therefore, that the evidence adduced made a jury question on this issue. (Citations omitted.)" Smith v. Lawson, supra, 264 Ala. at pages 392 and 393, 88 So.2d at page 325.

■ From the evidence favorable to the plaintiff in the case now before us, we are of opinion that the jury could reasonably infer that when defendant approached the intersection he saw plaintiff's car stopped eighty feet away, yet continued on into the

intersection in reckless disregard of plaintiff's peril and probable injury and did not slow down or attempt to stop until it was too late to avoid collision. The tire or skid marks behind defendant's car, and the moving of plaintiff's car eight feet sideways reasonably justify the inference that defendant was traveling at a speed which, under the circumstances, showed a reckless indifference to the consequences. The evidence favorable to defendant would support a contrary inference and an issue of fact was properly presented to the jury.

Appellant cites us to the principle stated as follows:

"＊ ＊ ＊ The rate of speed alone does not constitute willful or wanton negligence. Northern Alabama R. Co. v. McGough, 209 Ala. 435, 96 So. 569. There must exist the other necessary elements of such culpable act or the failure to act, in such circumstances of time, place and knowledge on the part of defendant of the peril that imposed the duty to act or refrain from acting to cause the injury." Callaway v. Griffin, 245 Ala. 598, 602, 18 So.2d 547, 549.

█ It is true that circumstances may exist so that merely driving a car at an unlawful and excessive speed would not constitute wanton misconduct As we understand the evidence, however, the circumstances of this case coupled with the speed of defendant's car were such as would reasonably justify the inference that defendant, with knowledge of the probable consequence of injury to plaintiff, recklessly drove at excessive speed and thereby caused the collision. The court did not err in refusing the affirmative charge for defendant as to the wanton count.

### (2)

█ The rules to govern review of the insistence that the verdict is contrary to the great weight of the evidence were laid down by this court in 1890 as follows:

"When there is no evidence to support the verdict, it is clearly the duty of the court to grant a new trial. No court, possessed of a proper sense of justice, and a due regard for a fair and impartial administration of the law, can afford to allow such a verdict to stand. But when there is evidence on both sides, or some evidence to support the verdict, it should not be set aside, because it may not correspond with the opinion of the court as to the weight of the testimony, or because it is against the mere preponderance of the evidence. Comparing the analogous rules above stated, and the rules established by other appellate courts, we deduce therefrom, and lay down as rules for the guidance of this court, that the decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. ＊ ＊ ＊" Cobb v. Malone & Collins, 92 Ala. 630, 635, 9 So. 738, 740.

█ That rule has been consistently followed. In the instant case the evidence was in conflict, but the verdict was not so contrary to the great weight of same as to warrant this court in putting the trial court in error for overruling defendant's motion for new trial on that ground. See Northern Alabama R. Co. v. McGough, 209 Ala. 435, 96 So. 569.

### (3)

The evidence supported plaintiff's contention that the accident caused him pain and suffering. His physician testified that plaintiff "＊ ＊ ＊ had multiple contusions of the pelvic and lumbar areas and over the bladder. There was some small bruises on the skin and tenderness along the iliac

crest and over the third lumbar spine down to the sacrum;" that " * * * his tenderness was down over the bladder and along in here (indicating) on both sides and in the back and he was tender from about here (indicating) down there over the sacral area and part of the lumbar spine and muscles along the side of the spine were tender and in spasm;" that the sacrum is " * * * the lowest bone of the spinal column;" that X-rays showed no fractures or dislocations but plaintiff did have this " * * * bruised condition of the * * * soft tissue * * *" in the tailbone region and over the back; that plaintiff was referred to an orthopedic surgeon whose findings were the same as those related above; that plaintiff was treated with heat, rest, and drugs to relieve spasm and pain; that plaintiff was slow in recovering and continued to have discomfort "for quite a while;" that plaintiff had "some irritation of the bladder," that this cleared up under medication but plaintiff continued to complain in that area; that plaintiff took some form of medication for several months; that plaintiff was in hospital for ten days. Plaintiff testified that he went to doctor every two or three days for the first three or four weeks and about once a week for a period thereafter; that plaintiff had not stopped seeing the doctor at the time of trial which was ten months after the accident; that the last time plaintiff had gone to doctor was about three weeks before trial. The doctor thought plaintiff "should very soon be back to complete normalcy." Medical expenses amounted to four hundred dollars and repairing plaintiff's car cost about two hundred dollars.

Appellant argues " * * * that assuming that the jury was allowed by submitting the wanton count for their consideration to assess punitive damages in their discretion then it is even felt under those circumstances that the verdict is unfair and unjust and a result of bias and prejudice."

[9-12] This court has said:

" 'This court has laid down the principle that a verdict will not be disturbed as excessive where the trial court has refused to disturb the amount unless so excessive as to indicate passion, prejudice, corruption or mistake. Montgomery City Lines, Inc. v. Davis, 261 Ala. 491, 74 So.2d 923. And we have held that the correctness of a jury's verdict is strengthened when the presiding judge refuses to grant a new trial. Simpson v. Birmingham Electric Co., 261 Ala. 599, 75 So.2d 111; Gulf, Mobile & Ohio R. Co. v. Sims, 260 Ala. 258, 69 So.2d 449. Furthermore this court has said that, "Where there was evidence which, if believed, authorized the verdict [this court] will not reverse a judgment refusing a new trial". (Citations omitted.)'

*        *        *        *        *        *

"In cases of this character, even the trial court will not set aside the verdict of the jury merely because, in its opinion, the jury gave too much or too little; and when the trial court has refused to disturb a verdict on account of the amount recovered, the appellate court is very reluctant to substitute its judgment for that of the jury and the court below. We will not do so unless the amount is so excessive, or so grossly inadequate, as to be indicative of prejudice, passion, partiality, or corruption on the part of the jury. (Citations omitted.)' " Brandwein v. Elliston, 268 Ala. 598, 109 So. 2d 687, 690, 691.

[13] Under the foregoing rules we will not disturb the verdict here. The judgment below is affirmed.

Affirmed.

LAWSON, STAKELY, and MERRILL, JJ., concur.