158 So.2d 647

**Dollie J. MINK, Admx.,**

v.

**James Coy BROWN.**

**6 Div. 853.**

Supreme Court of Alabama.

Dec. 12, 1963.

Cooper, Mitch & Crawford, Birmingham, for appellant.

Rives, Peterson, Pettus & Conway, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

This suit was filed under the homicide act by Dollie J. Mink, as Administratrix of the estate of E. P. Mink, deceased, against James Coy Brown, in the Besse-

mer Division of the Circuit Court of the Tenth Judicial Circuit.

Appellant is the widow, and claims damages for the wrongful death of her husband as the result of a collision of an automobile driven by James Coy Brown.

The complaint was in two counts. Count A was a negligence count, and Count B, the wanton count, was charged out by the trial court. The case went to the jury on Count A, the negligence count, and the jury returned a verdict in favor of the defendant.

Appellant filed a timely motion for a new trial, which was overruled. The issue presented to the trail court by the plaintiff's motion for a new trial, and to this Court by appellant's assignments of error, is whether the trial court erred in giving the affirmative charge for the defendant.

■ The rule is well understood that in considering the question of the sufficiency of the evidence of wantonness, the court must accept the adduced evidence most favorable to the plaintiff as being true, and must indulge such reasonable inferences as the jury was free to draw from such evidence. Smith v. Cullen, 270 Ala. 92, 116 So.2d 582; English v. Jacobs, 263 Ala. 376, 82 So.2d 542; McNickle v. Stripling, 259 Ala. 576, 67 So.2d 832. Accordingly, the following statement of the facts of the case will be stated in the most favorable light to plaintiff-appellant.

On Thanksgiving day, November 26, 1959, the defendant and his family left their home outside of Oneonta, Alabama, to journey to Cottondale for a visit. They were just passing through the outskirts of Bessemer, Alabama, when the accident in question occurred. At the time of the accident, appellee was proceeding along U. S. Highway 11 (the Bessemer Super Highway) in a southerly direction. That highway runs roughly north and south, and is a four-lane highway in that area; the two northbound lanes are separated from the two southbound lanes by an island 22 feet wide. The collision took place at the intersection of West Lake Drive and U. S. 11. About 3/10 of a mile north of that intersection, appellee had passed through another intersection at which there was a traffic light. On the north side of that intersection (preceding it as appellee was driving) was a sign reading "INTERSECTION 30 MPH." This sign was located approximately one block north of the intersection in which the traffic light was located. Defendant did not stop for the light because it was green.

As defendant approached the place of the accident, he was driving in the right-hand southbound lane of Highway 11 at a speed of 35–50 miles per hour. The highway at this point runs through more or less open country; that is, there are no houses or obstructions on it and a person proceeding along it has a clear and unobstructed view. Defendant was able to see the intersection where the accident occurred at least 3/10 of a mile before he reached it, and, by his own testimony, he saw the decedent's car approaching the highway from the west on West Lake Drive when defendant was about 200–300 feet from the intersection.

There was a "STOP" sign on West Lake Drive facing decedent, and he either came to a full stop between the sign on the highway or slowed down as though he were going to stop. Decedent then drove slowly into the intersection in front of the defendant's oncoming car. As soon as defendant saw the decedent entering the highway, he applied his brakes and tried to stop. The application of the brakes caused defendant's car to leave skid marks for 108 feet leading to the point of impact. The defendant's car veered to the left and when the collision occurred, it extended over the center line dividing the southbound lanes of the highway. Defendant made no attempt to turn his car to the right or left in order to avoid striking decedent's car; rather he con-

cerned himself with trying to stop before he hit it. The front of defendant's automobile struck the left side of the decedent's car, principally the rear door and fender. The skid marks caused by defendant's tires extended 19 feet and 2 inches beyond the point of impact.

The parties to this cause agree that "the appellant's entire argument is based upon the premise that the jury could reasonably conclude that the defendant was conscious that the deceased was in a position of peril, and that thereafter, with such knowledge, he consciously failed to utilize available means to avoid collision, recklessly disregarding his knowledge that deceased was in a position of peril."

We find no facts which support appellant's position.

Appellant relies primarily on the cases of Smith v. Cullen, supra, and Smith v. Lawson, 264 Ala. 389, 393, 88 So.2d 322, in which we stated:

"If, therefore, the defendant, conscious of the plaintiff's position but ignoring the consequences, heedlessly or recklessly disregarded the peril in which the plaintiff was situated and proceeded at a rapid rate of speed and in violation of law into the intersection when the defendant should have anticipated such a condition, that conduct would amount to wantonness. * * *"

■■ In both of these cases, the court found wanton misconduct. Both of them, however, are distinguishable from the instant case. In those cases, the accident occurred in a residential area where there was no traffic control, and where the plaintiff had the right of way, and apparently was *in* the intersection at a time when the defendant could have avoided the accident. In the instant case, just the opposite was true. The appellee, as a motorist on a main highway, had a right to assume that another motorist approaching an intersection on a side road would obey a stop sign on that side road. Johnston v. Weissinger, 225 Ala. 425, 143 So. 464. Thus, we find no evidence of wantonness on the defendant's part prior to the time the deceased drove onto the highway, and we have uncontroverted testimony that at that instant defendant began trying to stop in order to avoid a collision.

Appellant insists that appellee exhibited wanton conduct in failing to turn to the right or left to avoid the collision.

■ We do not agree. The physical evidence and photographs indicate that it would have been difficult for defendant to have missed the decedent's car completely and there is no assurance that striking it in another area would have produced less disastrous results. In addition to this, it is common knowledge that a skidding automobile is very difficult to accurately control.

■ Appellant seems to contend, by innuendo, that appellee was driving at a rate of speed so fast as to be wanton. This is unsupported by the evidence. Even if we concede that appellee was driving 50 miles per hour in a 30-mile per hour zone, excessive speed alone does not necessarily constitute wanton misconduct. Smith v. Cullen, supra. And the speed limit aside, a speed of 50 miles per hour under the conditions prevailing at the time and place of the accident could hardly be characterized as other than reasonable and prudent.

For these reasons, we are clear to the conclusion that the decision of the trial court is due to be, and is hereby, affirmed.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.