175 So.2d 466

Philip A. DEAMER et al.

v.

Merrell R. EVANS.

3 Div. 61.

Supreme Court of Alabama.

May 20, 1965.

Oakley Melton, Jr., James Garrett and Rushton, Stakely & Johnston, Montgomery, for appellants.

Frank W. Riggs, III, Truman Hobbs and Godbold, Hobbs & Copeland, Montgomery, for appellee.

LAWSON, Justice.

This is a suit by Merrell Evans brought in the Circuit Court of Montgomery County against Philip A. Deamer and W. W. Whittaker claiming damages for personal injuries and for damage to his automobile resulting from a collision with a truck driven by Deamer and owned by Whittaker.

The complaint contained a single count which charges negligence. The defendants pleaded the general issue in short by consent in the usual form.

There was a jury verdict in favor of the plaintiff in the amount of $4,800. Judgment followed the verdict. Motions for new trial filed by each of the defendants being overruled, they appealed to this court.

Appellants do not contend that they were entitled to affirmative instructions or that the trial court erred in overruling the grounds of their motion for new trials which took the point that the verdict was not sustained by the great preponderance of the evidence and was excessive.

The argued assignments of error all relate to the trial court's action in refusing certain written charges requested by the defendants and in giving certain written charges at the request of the plaintiff.

Around 4:30 A.M. on September 16, 1961, one Burke stopped his automobile on U. S. Highway 80 East at a point approximately twelve miles east of Montgomery. The Burke automobile was headed in an easterly direction and was in the south lane designated for east-bound traffic. A truck driven by one Guilford in an easterly direction passed the Burke automobile. Guilford noticed that something seemed to be wrong with the driver of the Burke automobile, so he turned his truck around and proceeded in a westerly direction for a short distance. He turned his truck around again and stopped it in the south lane behind the Burke automobile. It was dark and Guilford

turned on the left blinker signal on the rear of his truck. One McGough, who was a passenger in the Guilford truck, got out and walked to the Burke automobile. He found Burke in a drunken condition. Before Mc-Gough could return to the Guilford truck, an automobile being driven by the plaintiff, Evans, in an easterly direction was stopped in the south lane behind the Guilford truck. Evans gave no signal indicating that he was going to stop. Evans had been unable to pass the Guilford truck and the Burke automobile because of traffic moving toward him in a westerly direction. At that point the highway had only two lanes. Within a short period of time after the Evans car was stopped it was hit from the rear by a truck owned by the defendant Whittaker, which was being driven by the defendant Deamer. Evans' car then hit the Guilford truck, which in turn hit the Burke automobile. Evans' automobile was badly damaged and he received injuries to his person.

■ The defendants contend that the trial court erred in refusing to give their requested written charge No. 6, which reads:

"I charge you, gentlemen of the jury, that under the law of Alabama, no person shall stop or suddenly decrease the speed of a vehicle on the highways of Alabama without first giving an *appropriate signal in the manner provided by law* to the driver of any vehicle immediately to the rear when there is opportunity to give such signal, and I further charge you that if you are reasonably satisfied from the evidence that the plaintiff failed to give an *appropriate stop signal in the manner provided by law,* then the plaintiff was guilty of negligence, and if you are further reasonably satisfied from the evidence that such negligence proximately contributed to his own injuries and damages, then you cannot find for the plaintiff in this cause." (Emphasis supplied)

Charge 6 was properly refused for failure to explain the italicized words, thereby leaving a question of law to the jury.— Northern Alabama Ry. Co. v. McGough, 209 Ala. 435, 96 So. 569; Southern Ry. Co. v. Diffley, 228 Ala. 490, 153 So. 746; Buffalo Rock Co. v. Davis, 228 Ala. 603, 154 So. 556; Townsend v. Adair, 223 Ala. 150, 134 So. 637. See Mobile Infirmary v. Eberlein, 270 Ala. 360, 119 So.2d 8.

■ The defendants' written charges 1 and 2 were refused without error in that they are abstract. We have said that "a charge which merely states an abstract proposition of law without instructing the jury its effect upon the issues in the case on the trial may be refused without error." —Francis v. Imperial Sanitary Laundry & Dry Cleaning Co., 241 Ala. 327, 332, 2 So. 2d 388, 391. See Moore v. Cooke, 264 Ala. 97, 84 So.2d 748, and cases cited; Frith v. Studdard, 267 Ala. 315, 101 So.2d 305; Birmingham Southern R. Co. v. Ball, 271 Ala. 563, 126 So.2d 206; Louisville & N. R. Co. v. State, 276 Ala. 99, 159 So.2d 458; Aubrey v. Helton, 276 Ala. 134, 159 So.2d 837.

Defendants' refused charges 3 and 4, which will be set out in the report of the case, like defendants' refused charges 1 and 2, are predicated on § 25(a), Title 36, Code 1940, which reads:

"No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway; provided, in no event shall any person park or leave standing any vehicle, whether attended, or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained

from a distance of two hundred feet in each direction upon such highway."

Charges 3 and 4 are based on the theory that the jury could find from the evidence that plaintiff violated § 25(a), Title 36, Code 1940, in failing to get off the highway when he stopped his automobile momentarily behind the Guilford truck to permit oncoming traffic to pass.

Evans did not leave his automobile standing on the highway. He remained in the automobile for the short time it was stopped behind the Guilford truck.

■ The question remains, does the evidence justify an inference that Evans did "park" his automobile on the highway within the purview of § 25(a), Title 36, supra? We think not.

In Newell Contracting Co. v. Berry, 223 Ala. 109, 134 So. 870, we quoted with approval from 42 Corpus Juris 613, § 13, as follows:

"Parking with reference to motor vehicles is a term used as meaning the permitting of such vehicles to remain standing on a public highway or street; the voluntary act of leaving a vehicle on the highway when not in use. The term is well-known and understood, and to 'park' means something more than a mere temporary or momentary stoppage on the road for a necessary purpose."

■ We think the statutory provisions here under consideration were not intended to prohibit a momentary stoppage by a motorist on the paved portion of the highway for a normal and reasonable purpose, such as to permit oncoming traffic to pass where the lane of travel in which the motorist has been correctly proceeding is blocked through no fault of his. See Peoples v. Fulk, 220 N.C. 635, 18 S.E.2d 147; Fleming v. Flick et al., 140 Cal.App. 14, 35 P.2d 210; Greyhound Corp. v. Lyman-Richey Sand & Gravel Corp., 161 Neb. 152, 72 N.W.2d 669; Messick v. Barham, 194 Va. 382, 73 S.E.2d 530.

■ The defendants strenuously insist that the trial court erred in giving plaintiff's written charge 12, which reads:

"I charge you, Gentlemen of the Jury, if Mr. Evans' peril was discovered in time to avoid the injury by the exercise of due care on the part of the defendant, and the injury was the result of his failure to perform his duty in this respect, Mr. Evans would be entitled to recover even if you should believe from the evidence that Mr. Evans may have been guilty of culpable negligence in the first instance."

Charge 12 is in all material respects the same as charge P-7 given at the request of the plaintiff in Self v. Baker, 266 Ala. 572, 98 So.2d 10. In the case last cited we said of charge P-7 as follows: "Charge P-7, while not a model for completeness, has been held good in Gulf, M. & N. R. Co. v. Fowler, 19 Ala.App. 163, 96 So. 87 (Charge 2); see Jones, Alabama Jury Instructions, § 3763." (266 Ala. 578, 98 So.2d 15) In view of our holding in Self v. Baker, supra, we are unwilling to reverse the trial court for the giving of plaintiff's charge 12, although it could have been refused without error since it uses the word "believe" instead of the correct term "reasonably satisfied."—Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443.

■ The defendants next insist that the trial court erred in giving to the jury at the request of the plaintiff the following charge:

"No. 7. The Court charges the jury that it is no defense in this case that one or more persons other than the defendants may also have been guilty of negligence, if you believe from the evidence that the defendants were guilty of negligence which proximately caused the injuries to Mr. Evans."

**40**

Plaintiff's charge 7, like his charge 12, could have been refused without error, in that it uses the word "believe," while the correct and appropriate term expressing the degree of conviction essential to establish an issue of fact in a civil case is that the jury must be "reasonably satisfied." Under the decisions of this court, reversible error will not be predicated on the giving or refusal of such charges.—Birmingham Belt R. Co. v. Nelson, 216 Ala. 149, 112 So. 422, and cases cited; Alabama Baptist Hospital Board v. Carter, supra; Marigold Coal, Inc., v. Thames, 274 Ala. 421, 149 So.2d 276.

■ Defendants argue that this case should be reversed because of the giving of plaintiff's charge 7 in that it "completely eliminates the defense of contributory negligence as a matter of law."

If plaintiff's given charge 7 was faulty for failure to refer to the defense of contributory negligence, it was, at worst, only misleading, calling for an explanatory charge, if requested.—Alabama Power Co. v. McIntosh, 219 Ala. 546, 122 So. 677; Moore v. Cruit, 238 Ala. 414, 191 So. 252. In fact, at the request of the defendants, the trial court gave the following charge:

> "XI. I charge you, gentlemen of the jury, that if you are reasonably satisfied from the evidence that the plaintiff was himself guilty of the slightest negligence which proximately contributed to his injuries and damages, then you cannot find for the plaintiff in this cause."

The matters pressed for consideration by defendants have been duly considered, and we find no action of the trial court prejudicial to their cause and justifying a reversal of the judgment. It will accordingly be here affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.