David SULLIVAN, as Administrator of the Estate of Betty C. Sullivan, Deceased, Plaintiff-Appellant,

v.

ETHEREDGE MANUFACTURING COMPANY, a corporation, et al., Defendants-Appellees.

No. 79–2628
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 12, 1979.

' Burns, Shumaker & Davis, Thomas E. Davis, Gadsden, Ala., for plaintiff-appellant.

* Fed.R.App.P. 34(a); 5th Cir.R. 18.

Ford, Caldwell, Ford & Payne, W. Stanley Rodgers, Huntsville, Ala., for defendants-appellees.

Before AINSWORTH, FAY and RANDALL, Circuit Judges.

AINSWORTH, Circuit Judge:

This is an appeal from a judgment in favor of defendant Etheredge Manufacturing Company ("Etheredge") in an Alabama diversity action seeking damages for the death of Betty C. Sullivan as a result of an automobile accident. Appellant, the administrator of Mrs. Sullivan's estate, asserts that the district judge committed reversible error in instructing the jury. We disagree and affirm the judgment.

The complaint alleges that Mrs. Sullivan was killed as a direct result of the negligent operation of a tractor-trailer driven by an Etheredge employee. The facts are summarized as follows. On February 16, 1978, Mrs. Sullivan's passenger car was struck by a tractor-trailer driven by Hollis Wayne Green. Green was driving in a westerly direction on U. S. Highway 72 in Paint Rock, Alabama. Mrs. Sullivan was attempting to turn onto Highway 72 from a private driveway or alley. As she drove across the truck's lane to join the easterly traffic, Green applied his brakes in an effort to avoid a collision. Unfortunately, the two vehicles collided resulting in Mrs. Sullivan's death.

The first issue raised on appeal is the propriety of a comment made by the district judge concerning the testimony of certain witnesses about the speed of the truck. Appellant submitted the testimony of the police officer who had been at the scene of the accident. Based upon his investigation and his years of experience with the force, the officer testified that in his opinion the tractor-trailer was traveling at 65 miles per hour prior to the accident, and that the braking of the truck had slowed the vehicle to 55 to 60 miles per hour at impact. Ap-

pellee Etheredge presented three witnesses on this point. First, Green testified that he was proceeding at a rate of between 40 and 45 miles per hour prior to applying his brakes. Second, Josh M. Smith, an eyewitness to the accident who had been driving directly behind the truck for approximately two to four miles before the accident, testified that the tractor-trailer was traveling at a rate of about 45 to 47 miles per hour. Finally, an expert witness, basing his opinion on the length of the skid marks, the tractor-trailer's weight, and other known factors, concluded that the truck's speed was 46.5 miles per hour.

In his instructions to the jury, the district judge stated that it was the jury's duty to determine the facts. He informed the jury that certain witnesses had been permitted to express their opinions because they were experts. He also stated that witness Smith, although not an expert, was permitted to give his opinion since he was driving behind the truck for several miles before the accident. The district judge then stated:

It's up to the members of the jury—you're not bound by the testimony of any expert witness. You ought to consider it, consider the ability of the witness to have expressed an opinion, but you're not bound by the expert testimony. Of course, you're not bound by the testimony of Mr. Smith, which you are entitled to consider that he may have been in the best position of any witness to have had an opinion as to the speed of the vehicle at the time of the impact.

Appellant asserts that the above instruction is prejudicial because it suggests to the jury that Smith's testimony was inherently more credible than that of the police officer.

In considering whether a particular jury instruction was improper, it is necessary to consider the instruction as a whole. *McGuire v. Davis*, 5 Cir., 1971, 437 F.2d 570, 574; *Delancey v. Motichek Towing Service, Inc.*, 5 Cir., 1970, 427 F.2d 897, 901. In the present case, the district judge correctly instructed the jury that it was responsible

for determining the facts. The jury was explicitly told that it was not bound by either the experts' or Smith's testimony. Read in its entirety, the instruction simply suggested that the jury consider the fact that Smith was the only eyewitness to the accident in a position to make an unbiased assessment of the tractor-trailer's speed. In any event, the district judge's comments were not prejudicial and did not constitute reversible error. *Cf. Texarkana Bus Co. v. Baker,* 5 Cir., 1944, 142 F.2d 491, 493 (not reversible error where district judge stated his belief that the unavoidable accident doctrine was not appropriate for the case at hand).

■ Appellant's second contention is also without merit. Appellant asserts that it was reversible error for the district judge to fail to instruct the jury that a person operating a motor vehicle on a public highway has a right to assume that other persons also using the highway will obey the law. Under appellant's view of the facts, Mrs. Sullivan had already entered the eastbound lane before being hit by the tractor-trailer. As a result, she had a right to assume that the truck would not be speeding. The requested instruction would serve to refute appellee's argument that Mrs. Sullivan was contributorily negligent. The evidence, however, does not support appellant's position. It is clear that Mrs. Sullivan pulled out from a private driveway or alley onto the public highway. She had a statutory duty to yield the right of way to any vehicle "approaching so closely on said through highway as to constitute an immediate hazard . . . ." Ala.Code, tit. 32, § 5–112(c). The requested instruction is designed to protect those drivers on favored roadways from charges of contributory negligence from other drivers entering from side streets or the like. *Mink v. Brown,* 276 Ala. 3, 158 So.2d 647 (1963); *L. Hammel Dry Goods Co. v. Hinton,* 216 Ala. 127, 112 So. 638 (1927). Thus, in the present case, the only party able to avail itself of the doctrine would be Etheredge since its truck was operating on the favored highway. The district judge properly refused the instruction since the facts adduced at trial did not support the requested charge.

The judgment is

AFFIRMED.