**18**

200 So.2d 659

**William James YELDER**

v.

**STATE.**

**I Div. 203.**

Court of Appeals of Alabama.

June 13, 1967.

---

John Grow, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Marlin Mooneyham, Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal from a nonjury conviction whereunder appellant was fined $25.00.

Appellant was charged by the grand jury with parking "a motor vehicle upon the paved or improved or main traveled portion of a public highway."

**I.**

We condense the Attorney General's statement of facts:

R. L. Adkins, Deputy Sheriff, saw appellant in a car on the paved portion of Interstate Highway 10 in Mobile County, at a point where it joins U.S. Highway 90. All four wheels were on the traveled portion of the highway. There appeared to be nothing wrong with appellant's car.

Adkins did not know how long the vehicle had been parked on the highway.

The cross-examination of complaining witness went as follows:

"Q. Mr. Adkins, do you know how long that vehicle had been stopped there?

"A. No, sir.

"Q. At that point where you saw the vehicle stopped does that road merge with other traffic?

"A. The road that he was coming out of?

"Q. Yes. sir.

"A. Yes, it merges with traffic eastbound on Highway 90.

"Q. Could it have been that he was waiting on traffic to merge?

"A. It was my opinion at the time—no, there was some space there.

"Q. It was possible that that could have been it?

"A. I wouldn't think so, because he told me he was switching drivers; that is when I informed him that he should have pulled off the highway if he wanted to switch drivers.

"Q. You didn't know that they had actually switched drivers at that time, though, did you?

"A. No, sir. I saw a door close and that is all I saw."

After the State rested the appellant moved to exclude the evidence. The court below denied the motion. This is the only ruling available for our review.

**II.**

The State claims the indictment rests on Code 1940, T. 36, § 25, which reads in pertinent part as follows:

"(a) No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway; * * *"

Of this section our Supreme Court has stated:

"We think the statutory provisions here under consideration were not intended to prohibit a momentary stoppage by a motorist on the paved portion of the highway for a normal and reasonable purpose, such as to permit oncoming traffic to pass where the lane of travel in which the motorist has been correctly proceeding is blocked through no fault of his. * * *" Deamer v. Evans, 278 Ala. 35, 175 So.2d 466.

The judgment below is reversed and the cause remanded.

Reversed and remanded.

JOHNSON, J., not sitting.