203 So.2d 687

**William James YELDER**

v.

**STATE.**

**1 Div. 202.**

Court of Appeals of Alabama.

Sept. 5, 1967.

Rehearing Denied Oct. 10, 1967.

John Grow, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Marlin Mooneyham, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The charge and conviction was for transporting prohibited liquors in quantities of five gallons or more. Code of Alabama 1940, Title 29, Section 187.

The evidence for the state tends to show the officers saw defendant's automobile parked on the highway. "In the lane coming off of I-10 and entering Highway 90 all four wheels were on the blacktop." Deputy Sheriff Adkins testified:

"When I first noticed the car, when I came over the rise and noticed the bus parked there I noticed a door shut on the driver's side and when I passed it, I was watching it and I could see that they were watching me and I went on by and I decided I had better check it to see why they were parked there. I prepared to turn around and I seen them pull out in my mirror just as I was turning off to turn around."

* * * "Yes, sir, they came on and I could see that they were watching me and I pulled in behind them and this was approaching the light at Tillman's Corner. The traffic picked up at the time and it looked like they were trying to get away from me; they were changing lanes back and forth."

* * * "Yes, sir, I stopped them—well, they were changing lanes, actually you could have considered it reckless driving, but I mainly stopped them to see why they were parked in the highway."

"Q. You stopped them to see why they were parked on the highway?

"A. Yes, sir."

This witness had reported the car by radio when it started up after he saw it standing in the highway. After he stopped the car deputies Ray and Scott came up to assist him.

The vehicle was a 1960 Volkswagen bus, with a number of windows around it. There was a passenger in the car.

"I went around—after I advised him that it was illegal to park with all four wheels on the highway, I went around and checked the other passenger's identification."

The witness testified when he walked around the bus he could see "gallon jugs stacked up even with the window." They were clear glass jugs with liquid in them. "I could see the jugs and I asked him if he had shinny on board this wagon."

This question was asked the witness:

"Q. Did you formulate any opinion as to what the contents of those jugs were from your observation there and the attitude and condition of the driving and everything?

"A. Yes, sir."

Defense counsel objected, the court overruled the objection because the question had been answered. Motion was made to exclude the answer, which was also overruled.

"Q. Did you then arrest him for transporting illegal whiskey?

"A. Yes, sir, after he told me it was shinny."

The witness stated he inspected the "whiskey" at the place where he stopped defendant.

In Yelder v. State, 44 Ala.App. 18, 200 So.2d 659, where the same incident was involved with essentially the same evidence as presented here, this defendant was charged with the offense of parking "a motor vehicle upon the paved or improved or main traveled portion of a public highway." We held the facts did not establish a violation of the statute.

■ Since the defendant was not committing an offense in the officers' presence, he had no duty or right to arrest him. The search of the automobile was incident to an illegal arrest and was an unlawful search. The motion to suppress as well as the objection to the evidence should have been sustained. Smith v. State, 240 Miss. 738, 128 So.2d 857.

■ The statement of the officer that defendant told him he had shinny in the automobile does not show consent to search the automobile or amount to a confession in the absence of proof that the statement was "freely and intelligently" made, and was voluntary. Duncan v. State, 278 Ala. 145, 176 So.2d 840.

The judgment is reversed and the cause remanded.

Reversed and remanded.

JOHNSON, Judge (dissenting).

The companion case mentioned in the majority opinion, Yelder v. State, 44 Ala. App. 18, 200 So.2d 659, was decided when I was "not sitting" and is, therefore, not my opinion. I have since read the same and emphatically disagree therewith.

In my judgment, the great weight of the evidence in this case tends to prove that the officer saw appellant's automobile parked on the public highway "in the lane coming off of I. 10 and entering Highway 90; all four wheels were on the blacktop". Deputy Sheriff Adkins testified that this was the reason he stopped the 1960 Volkswagen bus, and that he also considered stopping them for "reckless driving" because of the manner in which they were "changing lanes".

The Code of Alabama, 1940, Tit. 36, Sec. 25, states in part that it shall be "a misdemeanor" to "park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway." The section states that a vehicle may be stopped adjacent to or partially on a highway, but here the evidence showed that appellant's vehicle was stopped *fully* on the highway, and because they suddenly drove the vehicle away when Deputy Sheriff Adkins appeared, it cannot be said that they were "disabled". As provided in Tit. 36, Sec. 25, supra, being "disabled" is the only lawful excuse for stopping on a highway. Thus, I must disagree with the majority opinion which states that the facts show no law violation, and it is my opinion that a misdemeanor was in fact here committed in the presence of an officer, giving him lawful cause to arrest appellants. Deputy Adkins might have lawfully stopped appellants for reckless driving if they had not already, in his opinion, committed the parking violation above referred to.

In Watts v. Mississippi, Miss., 196 So.2d 79, the court states the following:

"Arrest of defendant on charge of reckless driving was lawful, where police officers had followed vehicle driven by defendant, noticed that it was weaving from one side of lane of traffic to other, and, as soon as it was safe to do so, stopped automobile * * *."

The circumstances in the *Watts* case from which we quote, were similar to those in the case at bar. *Watts* further states:

"No search warrant is necessary in order to search vehicle in which person is riding at time of his arrest for offense committed in presence of officer, including felony or misdemeanor; and such search is not unreasonable under constitutional guaranty.

"General right to search vehicle as incident to lawful arrest extends to cases involving traffic violations as well as to more serious offenses.

"Automobile in which arrested person is found can be searched as incident to arrest as long as arrest itself is lawful.

"Anything seen by arresting officer while he is not trespassing can form basis for valid search and seizure."

In Thompson v. State, 41 Ala.App. 353, 132 So.2d 386, this court stated:

"As to the seizure from the car, we consider Garrison and Smith needed no warrant because of the openness of the trunk, the visibility of the cans and above all the defendant's admission."

The admission here referred to is as follows:

"Q. Did he say what he was doing there?

"A. He said he was trying to get away from us.

\*　　\*　　\*　　\*　　\*　　\*

"A. I asked immediately, 'Where he got—Where did you get this?' He said 'I found it while I was working.' And I believe he said he found it the day before and hid it and picked it up this day.

"COURT: Did he call it whiskey before you opened the can to inspect it?

"A. Yes, sir, he called it whiskey."

In the case before us, Deputy Sheriff Adkins testified that he saw "several jugs" through the windows of the bus, piled "window high"; and that these jugs were in "clear view".

The law of Alabama regulating arrests does not require that the arresting officer have full and conclusive proof of the commission of a crime before arrest, but only that he have probable cause to believe that there was a crime committed.

Code of Alabama, 1940, Tit. 29, Sec. 187 states as follows:

"It shall be unlawful for any person, firm or corporation, or association within this state to transport in quantities of five gallons or more any of the liquors or beverages, the sale, possession, or transportation of which is prohibited by law in Alabama. Any person convicted of violating this section shall be guilty of a felony, and upon conviction, shall be imprisoned in the penitentiary of this state for a period of not less than one year, nor more than five years."

It is here undisputed that seventy-one gallons were involved and many could be seen by the most casual observer.

I do, therefore, dissent from the majority opinion and feel that this judgment should be affirmed.